STATE OF NEBRASKA, APPELLEE, V. MARY ELIZABETH BLAZEK, APPELLANT.

259 N. W. 2d 914

Filed November 23, 1977. No. 41240.

T. Clement Gaughan and Richard L. Goos, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

MCCOWN, J.

The defendant, Mary Elizabeth Blazek, pleaded nolo contendere to one count of conspiracy to commit a felony and one count of giving false information to police officers. She was sentenced to 2 years imprisonment in the Nebraska Penal and Correctional Complex on the first count, and 6 months in the city-county jail on the second count, the sentences to run concurrently. She was denied credit for time spent in jail awaiting sentence. The sole issue on appeal is whether or not the sentences were excessive.

The defendant was 37 years old at the time of sen-

tencing. In the spring of 1975, she was living with one Wesley Peery in Lincoln, Nebraska. On June 27, 1975, Peery was arrested and charged with first degree murder. Peery was convicted of first degree murder by a jury in the spring of 1976. Polygraph tests showed that the defendant did not believe Peery was guilty. Prior to his sentencing Peery wrote to the defendant soliciting her assistance for an escape. The defendant, in accordance with his request, attempted to telephone an individual named by Peery but never made contact. An acquaintance of the defendant told officers that the defendant offered him $2,000 to assist Peery in an escape but that he refused. No escape was attempted. The above facts are the basis for the conspiracy count to which the defendant pleaded nolo contendere.

The basis for the charge of giving false information to police officers was that the defendant testified at Peery's trial that she and her daughter were in a restaurant on the morning Peery was alleged to have committed the murder, but that she had told officers at other times that she was at home. There was other conflicting information as to whether defendant had ever seen Peery use a particular tool box.

The penalty for conspiracy to commit a felony is a fine of not more than $10,000, or imprisonment for not more than 2 years, or both. § 28-301, R. R. S. 1943. The penalty for giving false information to a law enforcement officer is a fine of not more than $500, or imprisonment in the county jail for not more than 6 months, or both. § 28-744, R. R. S. 1943. It should be pointed out that the penalty limits under the conspiracy statute make no distinctions as to the nature of the felony conspired about. The defendant was charged with conspiracy to commit the felony of escape. Conviction for the felony of escape carries a penalty of imprisonment for 1 to 10 years.

The presentence investigation report discloses

that the defendant was taken from her mother at the age of 5 because of her mother's neglect. She was raised in an orphanage and in foster homes until she ran away and was married for the first time at age 17. She has been married and divorced twice. She is the mother of 7 children, the oldest of whom is 19, and the youngest of whom is 8. By the time she was 16 years of age the defendant had twice been committed to mental hospitals in the State of Kansas for periods of several months. There are medical opinions in the presentence investigation report which indicate she is still mentally and emotionally disturbed on occasion. The presentence investigation report shows that the defendant has no prior criminal record.

Under the provisions of section 83-1,105(2), R. R. S. 1943, a sentence for a definite term of years becomes an indeterminate sentence in which the maximum term of the sentence is the term imposed by the court and the minimum term is the minimum sentence provided by law. Where a specific minimum term of imprisonment is specified by statute we have repeatedly confirmed the effect of the statutory language. See State v. Flaherty, 193 Neb. 275, 226 N. W. 2d 631.

We have not previously interpreted the provisions of section 83-1,105(2), R. R. S. 1943, with respect to determining the minimum term of a sentence for a definite term of years where the statutory penalty is simply imprisonment in the Nebraska Penal and Correctional Complex "not more than" a specified maximum term of years and there is no specified minimum. The importance of having a minimum sentence is that a prisoner's date of eligibility for parole is computed by referring to his minimum sentence. Under current statutes, all sentences of imprisonment in the Nebraska Penal and Correctional Complex are indeterminate sentences, except a sen-

tence for life imprisonment. State v. Hedglin, 192 Neb. 545, 222 N. W. 2d 829.

Where the statutory penalty for a crime is imprisonment in the Nebraska Penal and Correctional Complex for not more than a specific maximum term of years, and no minimum term is specified by law, a sentence imposed for a definite period of time becomes an indeterminate sentence in which the term imposed by the court becomes the maximum term and the minimum term is subject to the action of the Board of Parole. Such a sentence does not constitute an abuse of discretion where, as here, the facts do not support a grant of probation.

The defendant complains that she was denied credit on the sentences for time spent in jail while awaiting sentencing. An individual with no previous criminal record, who pleads nolo contendere to an inchoate crime such as conspiracy to commit a felony, should be given credit for jail time. Where the maximum term of the sentence pronounced is the statutory maximum for the particular offense, constitutional implications require that credit for jail time must be given. See, King v. Wyrick, 516 F. 2d 321 (8th Cir., 1975); Faye v. Gray, 541 F. 2d 665 (7th Cir., 1976).

The sentences imposed here were not excessive, but should be modified by allowing credit for jail time. The provisions of the judgment and sentences denying credit for jail time are set aside, and the sentences are modified by granting credit of 46 days for time in jail awaiting sentencing. As so modified, the sentences are affirmed.

AFFIRMED AS MODIFIED.