**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Kenneth R. DOHERTY, Defendant and Appellant.**

**No. 12508.**

Supreme Court of South Dakota.

July 11, 1979.

William J. Janklow, Atty. Gen., Pierre, Gene Paul Kean, State's Atty., Minnehaha County, Sioux Falls, for plaintiff and respondent.·

John P. Abbott, Brandon, for defendant and appellant.

HENDERSON, Justice.

### ACTION

On April 6, 1978, Kenneth R. Doherty (Doherty) was sentenced to twelve years in the South Dakota State Penitentiary for third-degree burglary.* He was given credit for the jail time served since February 14, 1978, the date he was arraigned on the burglary charge. Doherty contends that he should be granted credit for the time that he spent in custody from July 27, 1976 through March 20, 1978. We do not

---

* SDCL 22–32–10 provides: "Burglary in the third degree is punishable by imprisonment in the state penitentiary for any term not exceeding fifteen years."

agree and affirm the decision of the trial court.

## FACTS

Doherty was arraigned on unrelated charges of burglary and rape on July 27, 1976. He has been continuously incarcerated since that day.

Pursuant to a plea bargain, the State dismissed the burglary charge on October 20, 1976, after Doherty pleaded guilty to the rape charge. After our decision in *State v. Doherty,* 261 N.W.2d 677 (S.D. 1978), the State dismissed the rape charge. Doherty was arraigned on the same burglary charge on February 14, 1978, tried by jury on March 20, 1978, and sentenced on April 6, 1978.

## ISSUE

Should the time that Doherty served on the invalid rape sentence be credited on the subsequent sentence imposed for a totally unrelated crime?

## DECISION

The facts relevant to our decision are:

a) The burglary and rape charges are unrelated; i. e., the alleged rape was perpetrated on July 8, 1976, and the burglary was committed on June 6, 1976; and

b) At the time Doherty's rape conviction was overturned, there was no burglary sentence in existence that he could have served. During the time Doherty was imprisoned on rape, there were no burglary charges pending against him.

Under such circumstances, the applicable rule is that time served by a defendant under a void judgment and sentence will not be credited upon another sentence imposed upon defendant under a judgment and sentence for an entirely different offense. *Montford v. Wainwright,* 162 So.2d 663 (Fla.1964); *State v. Rhodes,* 77 N.M. 536, 425 P.2d 47 (1967); *People v. Kowalsky,* 2 N.Y.2d 949, 162 N.Y.S.2d 355, 142 N.E.2d 421 (1957); *Anderson v. Anderson,* 513 P.2d 345 (Okl.Cr.1973); 24B C.J.S. Criminal Law § 1995(4); 4 Wharton's Criminal Procedure § 629 (12th ed. 1976). To hold otherwise, it has been noted:

> [W]ould mean that the situation could be created wherein a person might have several years of prison time to apply to a sentence for a crime that he has not as yet committed *or for which he has not yet been prosecuted.*

*Bauers v. Yeager,* 261 F.Supp. 420, 424 (D.N.J.1966) (emphasis supplied). See *Davis v. U. S. Attorney General,* 432 F.2d 777 (5th Cir. 1970); *United States ex rel. Smith v. Rundle,* 285 F.Supp. 965 (Pa.E.D.1968); *Martin v. Page,* 484 P.2d 1319 (Okl.Cr.1971).

Consequently, the trial court did not err in refusing to credit the time Doherty served on the rape conviction against the burglary sentence.

The judgment is affirmed.

All the Justices concur.