STATE OF NEBRASKA, APPELLEE, v. WARREN W. RATHBUN, APPELLANT.

287 N. W. 2d 445

Filed January 15, 1980. No. 42758.

Robert P. Chaloupka, Esq., and Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellant.

Paul L. Douglas, Attorney General, and G. Roderic Anderson, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

The defendant entered a plea of nolo contendere to a charge of having, on October 25, 1978, committed a sexual assault in the second degree in violation of section 28-408.04, R. R. S. 1943. No evidence was introduced by the State to show that the assault caused serious personal injury to the victim. The defendant was sentenced to a term of 1 year in the Nebraska Penal and Correctional Complex. That term is the maximum for second degree sexual assault in cases where there is no serious personal injury to the victim.

On appeal to this court, defendant makes the following assignments of error: (1) The court erred in not giving him credit on the sentence for the 146 days the defendant was confined in the county jail awaiting trial. (2) The place of confinement should be the county jail rather than the Nebraska Penal and Correctional Complex. We sustain the first assignment and reject the second.

Section 28-408.04, R. R. S. 1943, provides as follows: "(1) A person shall be guilty of sexual assault in the second degree when such person subjects another person to sexual contact and (a) overcomes the victim by force, threat of force, express or implied, coercion, or deception, or (b) knew or

should have known that the victim was physically or mentally incapable of resisting or appraising the nature of his or her conduct.

"(2) Sexual assault in the second degree shall be punishable by imprisonment for not more than one year unless the actor shall have caused serious personal injury to the victim, in which case it shall be punishable by imprisonment in the Nebraska Penal and Correctional Complex for not more than fifteen years."

Sexual assault in the second degree is, by definition, a felony, even though the actual penalty imposed may be less than 1 year. Section 29-102, R. R. S. 1943 (repealed effective January 1, 1979), defined felony and misdemeanor as follows: "The term felony signifies such an offense as may be punished with death or imprisonment in the Nebraska Penal and Correctional Complex. Any other offense is denominated a misdemeanor." Historically, the maximum permissible penalty has determined whether a crime is a felony or a misdemeanor. If the maximum penalty is 1 year or more in the penitentiary, the crime is a felony. Rains v. State, 142 Neb. 284, 5 N. W. 2d 887; Goedert v. Jones, 150 Neb. 783, 36 N. W. 2d 119; Bright v. State, 125 Neb. 817, 252 N. W. 386.

Section 28-408.04, R. R. S. 1943, defines only one class of crime, a felony. Historically, felony sentences are served in the penitentiary. Section 28-408.04, R. R. S. 1943, although not a model of clarity, refers to only one place of confinement, to wit, the Nebraska Penal and Correctional Complex. Under present law the actual place of confinement within the complex is determined administratively. § 29-2401, R. R. S. 1943. We note in passing that under the provisions of the Nebraska Criminal Code, effective January 1, 1979, places of confinement are defined with more specificity. §§ 28-105, 28-106, R. S. Supp., 1978.

The trial court did not err in sentencing the defendant to the Nebraska Penal and Correctional Complex.

We have held that where the maximum term of a sentence pronounced is the statutory maximum for the offense, credit for jail time must be given. State v. Blazek, 199 Neb. 466, 259 N. W.́ 2d 914. See, also, Eutzy v. State, 199 Neb. 384, 258 N. W. 2d 829. Since the maximum penalty for the crime under the circumstances here was 1 year and that penalty was imposed, credit should have been given for jail time. The judgment is modified to provide that the defendant shall be given credit on the 1-year sentence for the 146 days confinement in the county jail awaiting trial.

AFFIRMED AS MODIFIED.