STATE OF NEBRASKA, APPELLEE, V. JACK L. FISHER, APPELLANT.
356 N.W.2d 880

Filed October 19, 1984.   No. 84-050.

Jack L. Fisher, pro se.

Paul L. Douglas, Attorney General, and Timothy E. Divis, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

CAPORALE, J.

Defendant, Jack L. Fisher, appeals from the denial of his second post conviction motion seeking credit as jail time for the periods of incarceration following his conviction of having made certain threats but preceding his sentencing for being a felon in possession of a firearm. We affirm as modified and remand with directions.

It appears Fisher was arrested and jailed in the Hall County jail on November 16, 1982. He was charged with having made "terroristic threats" and, as the result of a separate incident, with having committed a robbery.

He was convicted on April 14, 1983, of having made terroristic threats and on May 20, 1983, was sentenced on that conviction to a term of imprisonment at the Nebraska Penal

and Correctional Complex of not less than 18 months nor more than 5 years. He was given credit for certain time he spent in jail awaiting disposition of this charge.

As the result of a plea bargain, the robbery charge was reduced to that of being a felon in possession of a firearm. Upon conviction of that reduced charge Fisher was sentenced on June 9, 1983, to a term of imprisonment at the Nebraska Penal and Correctional Complex for a period of not less than 18 months nor more than 5 years, to be served concurrently with the earlier terroristic threats sentence. No jail time credit was given when the later sentence was imposed.

On November 2, 1983, Fisher filed a motion for post conviction relief, seeking credit for the entire period of his incarceration from November 16, 1982, the date of his arrest, to the date he was sentenced as being a felon in possession of a firearm, June 9, 1983. The district court granted jail time credit from the date of arrest to the date of Fisher's conviction on the terroristic threats charge, April 14, 1983.

On November 18, 1983, this court filed its opinion in *State v. Hamilton*, 215 Neb. 694, 340 N.W.2d 397 (1983), holding the terroristic threats statute to be unconstitutional. On December 12, 1983, Fisher filed his second and present motion for post conviction relief, seeking credit as jail time for all the time he has been incarcerated following his April 14, 1983, conviction for having made terroristic threats to the June 9, 1983, sentence for being a felon in possession of a firearm. The district court denied any relief. On February 17, 1984, this court applied the *Hamilton* ruling to Fisher's appeal from his terroristic threats conviction and vacated his sentence on that charge. *State v. Fisher*, 216 Neb. 530, 343 N.W.2d 772 (1984).

As framed by Fisher's assignments of error, the dispositive issues which emerge from this appeal are whether the refusal of the district court to grant credit for any of the time Fisher has spent incarcerated for having made terroristic threats prior to his being sentenced as a felon in possession of a firearm (1) results in a total period of incarceration which is longer than the maximum statutory period prescribed for that latter offense and (2) constitutes a violation of the equal protection clause of the fourteenth amendment to the U.S. Constitution.

Fisher characterizes the time he was incarcerated as the result of the terroristic threats charge, both from April 15 through May 19, 1983 (before he was sentenced on the felon in possession of a firearm charge), and from May 20 through June 9, 1983 (on which later date he was sentenced on the latter charge), as jail time. In this claim he is, as we shall see, but partially correct.

Neb. Rev. Stat. § 83-1,106(1) (Reissue 1981) provides:

> Credit against the maximum term and any minimum term may be given to an offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. This shall specifically include, but shall not be limited to, time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to delivery of the offender to the custody of the Department of Correctional Services.

"Jail time" is commonly understood to be the time an accused spends in detention pending trial and sentencing. See, *State v. Rathbun*, 205 Neb. 329, 287 N.W.2d 445 (1980); *State v. Blazek*, 199 Neb. 466, 259 N.W.2d 914 (1977); § 83-1,106(1). The period of time which Fisher spent incarcerated between his terroristic threats conviction and his felon in possession of a firearm conviction was not time spent awaiting trial and sentencing for the second conviction. It was time served after sentencing on the first conviction for what was then defined as a criminal offense. It was therefore prison time, not jail time.

The fact that the conviction for which Fisher was first imprisoned was later reversed does not serve to magically transform that period of time from prison time to jail time for which credit must be given.

One need only examine what happens when the conviction of an accused charged with but a single crime is reversed and the charge dismissed to understand the fatal flaw in Fisher's argument. Such an accused is discharged from custody, but no one can give back to him the days he wrongfully spent in prison. There is no way to properly "credit" such an accused's life with those lost days. And yet, that is essentially what Fisher is demanding the State do when he contends that he is entitled to

jail time credit for the period he served toward his vacated terroristic threats prison sentence.

The Illinois Appellate Court addressed a similar issue in *People v. Fischer*, 100 Ill. App. 3d 195, 426 N.E.2d 965 (1981). The defendant in that case was convicted of voluntary manslaughter because of an incident which occurred in 1978, and sentenced to 7 years' imprisonment. On appeal the defendant argued he should receive credit against that sentence for the time he had served pursuant to a 1965 conviction for possession of marijuana. Defendant requested "compensation" for that time because the statute under which he was convicted in 1965 was later declared unconstitutional. Defendant based his claim on the Illinois Constitution, which provided in part: "Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. . . ." Ill. Const. art. 1, § 12. The Illinois court found defendant's argument to be "patently without merit," stating:

> In fact, if defendant were given the credit he now requests, this court would be encouraging the commission of crime. A defendant who had wrongly served a prison sentence would then have license to commit a "free" crime or a crime with a diminished sentence. We cannot condone such an absurd result.

100 Ill. App. 3d at 201, 426 N.E.2d at 970.

Fisher's argument here is based upon essentially the same contention as was the defendant's argument in the Illinois case, that he should somehow be compensated for the time he spent in prison for the terroristic threats sentence. Although Fisher's argument initially may appear to be stronger than the argument in the Illinois case because the sentences here ran concurrently and so overlapped in time, while in the Illinois case the prior sentence was removed in time from the subsequent sentence by several years, the net result is the same. Both cases involve credit claimed for time served under a conviction which was later reversed. The Illinois court's policy analysis applies with equal force to this case. To credit Fisher for the time he served for his conviction of making terroristic threats would in effect give him license to commit a "free" crime or a crime with a diminished

sentence.

It is also important to note that the convictions for which Fisher was sentenced to imprisonment were for two separate offenses arising out of two separate incidents. Fisher was arrested on November 16, 1982, and charged with making terroristic threats in an incident involving his wife. The robbery charge, which later was bargained down to being a felon in possession of a firearm, arose from an alleged robbery of a different victim on October 29, 1982. In *State v. Doherty*, 281 N.W.2d 84 (S.D. 1979), the defendant argued that the time he had served on a prior invalid rape sentence should be credited on a subsequent sentence imposed for burglary, a totally unrelated crime. The court, holding that the credit should not be given, stated:

> Under such circumstances, the applicable rule is that time served by a defendant under a void judgment and sentence will not be credited upon another sentence imposed upon defendant under a judgment and sentence for an entirely different offense. . . . To hold otherwise, it has been noted: "[W]ould mean that the situation could be created wherein a person might have several years of prison time to apply to a sentence for a crime that he has not as yet committed *or for which he has not yet been prosecuted*." *Bauers v. Yeager*, 261 F. Supp. 420, 424 (D.N.J. 1966) (emphasis supplied).

*Id.* at 85.

Since Fisher was convicted of two totally unrelated offenses, the rationale in *Doherty* would apply in this case as well. See, also, 24B C.J.S. *Criminal Law* § 1995(4) at 641 (1962), which states:

> Even under statutes providing that time spent in jail prior to conviction may be credited toward the term of imprisonment imposed on conviction, a period of confinement under conviction of one crime may not be deducted from the term of a sentence imposed on conviction of another crime; and this is so even though the prior conviction was subsequently set aside . . . .

The discretionary power conferred by § 83-1,106(2) to credit an offender for time spent in custody under a prior sentence if

he is later reprosecuted and resentenced for the same offense or for another offense based on the same conduct, a codification of our prior holding in *State v. King*, 180 Neb. 631, 144 N.W.2d 438 (1966), that the crediting of time served under a void sentence against a sentence imposed upon a new conviction for the same offense is a matter within the discretion of the sentencing court, has no application here, because the sentences imposed upon Fisher were for different offenses based on different conduct.

Therefore, there is no legal basis for crediting Fisher with the time he spent incarcerated from and after May 20, 1983, when he was sentenced for having made terroristic threats.

The period from April 15 through May 19, 1983, during which Fisher was incarcerated while no sentence had been imposed for any offense is, however, a different matter. Since Fisher was sentenced to an indefinite term up to the maximum prison term possible for being a felon in possession of a firearm, Neb. Rev. Stat. §§ 28-105 and 28-1206(1) and (3) (Reissue 1979), he must be given credit for those 35 days of jail time. *State v. Holloway*, 212 Neb. 426, 322 N.W.2d 818 (1982), required the granting of credit for jail time where the prison sentence imposed was from 20 months to 5 years in the face of a statute which made 5 years the maximum term. See, also, *State v. Rathbun*, 205 Neb. 329, 287 N.W.2d 445 (1980); *State v. Blazek*, 199 Neb. 466, 259 N.W.2d 914 (1977).

As to the equal protection claims, there is an obvious and important difference between an offender who serves all or any part of a sentence which is later vacated and who is then retried for the same crime and an offender who serves all or any part of a sentence which is later vacated but who is not retried because the statute under which he was convicted was determined to be unconstitutional. The retried offender is not being given a "free" crime, as discussed earlier; he is merely being made to pay the appropriate price, taking into account the total time served, for the offense he committed. Therefore, the differing discretionary treatment permitted as between the two types of offenders by § 83-1,106(2) rests upon a real difference between the two categories of offenders and is not an arbitrary and unreasonable classification. That being so, there is no equal

protection violation of the fourteenth amendment to the U.S. Constitution for the aforesaid period of time. See *State v. Maez*, 204 Neb. 129, 281 N.W.2d 531 (1979), holding that it is differing treatment accorded on the basis of an arbitrary and unreasonable classification which is prohibited by the fourteenth amendment to the U.S. Constitution.

Neither is there any merit to Fisher's claim that he is being penalized because he is indigent. He argues that were he not indigent, he could have posted bail and therefore bought out of his jail time. As we have seen, neither an indigent nor a moneyed offender would be given jail time credit for prison time served pursuant to a sentence imposed for the violation of a criminal statute subsequently found to be unconstitutional.

In the interest of completeness we comment on Fisher's speculation that the district court may have denied his second post conviction request because it was a subsequent motion for post conviction relief from the same conviction and sentence. He notes the rule that once a motion for post conviction relief has been judicially determined, any subsequent motion will not be entertained unless the subsequent motion affirmatively shows on its face that the basis relied upon for relief was not available at the time of filing the prior motion. He calls attention to the fact that *State v. Hamilton*, 215 Neb. 694, 340 N.W.2d 397 (1983), had not been decided at the time of his first motion, and, therefore, the unconstitutionality of the terroristic threats statute was not then available to him. The short answer to this concern, even if the record were to show such to have been the basis of the trial court's decision, and it does not, is that a proper decision will not be disturbed on review merely because it was rendered for the wrong reason. *Nerud v. Haybuster Mfg.*, 215 Neb. 604, 340 N.W.2d 369 (1983).

The district court having erred only in part, its decision is affirmed as modified and the cause remanded for further proceedings consistent with this opinion.

AFFIRMED AS MODIFIED, AND CAUSE
REMANDED WITH DIRECTIONS.

GRANT, J., dissenting in part.

While I agree with the majority that Fisher is entitled to credit

for 35 days of jail time covering the period of April 15 through May 19, 1983, I respectfully dissent from the failure to credit him with the 21 days bounded by May 20 and June 9, 1983. Fisher has specifically requested credit for the entire 56 days from April 15 through June 9, 1983. The rationale upon which the majority relies in denying the additional 21 days' credit is that "[a] defendant who had wrongly served a prison sentence would then have license to commit a 'free' crime or a crime with a diminished sentence." *People v. Fischer*, 100 Ill. App. 3d 195, 201, 426 N.E.2d 965, 970 (1981). That the law of this state cannot tolerate such a scenario is beyond argument. However, allowing credit for the additional time in this peculiar, particular fact situation would not tread upon that policy, as will be noted below.

In *Miller v. Cox*, 443 F.2d 1019 (4th Cir. 1971), the fourth circuit distinguished three categories of defendants and computation of each defendant's sentence. The first situation, where a conviction is set aside and the prisoner is retried and convicted of the same offense, is inapplicable here. "A second and distinct situation is presented where a prisoner serving consecutive sentences on several convictions succeeds in having one of the sentences invalidated after it has been fully or partially served." *Id.* at 1020. This is the situation in the instant appeal. The third category includes an individual who, "after his conviction has been invalidated and he has regained his freedom, commits a new crime and receives a new sentence. The issue is then posed whether credit should be allowed on that sentence for time served on the prior invalidated conviction." *Id.* at 1021. The majority's reasoning addresses this third fact pattern.

The fourth circuit's treatment of the third category matches that of the majority. Both would condemn the practice of allowing a prisoner to establish " 'a line of credit for future crimes.' " *Id.* at 1021. I agree. However, I feel that the instant appeal involves circumstances factually distinct from the situation to which the majority's rationale applies. This case involves the second category suggested in *Miller v. Cox, supra.* I would apply the fourth circuit's reasoning and grant credit for the entire 56 days. "Common sense and fundamental fairness

require that under such circumstances the state should not ignore the period of imprisonment under the invalid sentence when an appropriate remedy is so readily available." *Id.* at 1021.

To allow Fisher credit for the 21 days served after sentencing on the invalid charge does not create a risk of allowing him a "free crime." He was already in jail. The credit would be applied to a sentence Fisher is serving for a crime already committed at the time of his arrest on the invalid charge.

To deny Fisher the credit would be to punish him for violating a statute we have declared to be unconstitutional. This is one of those rare cases in which we can return to Fisher the days wrongfully exacted from him under an unconstitutional law. I believe that fundamental fairness requires that we do so.