STATE OF NEBRASKA, APPELLEE, V. WESLEY EARL KITT, APPELLANT.

440 N.W.2d 234

Filed May 19, 1989.   No. 88-863.

Thomas R. Lamb, of Berry, Anderson, Creager & Wittstruck, P.C., for appellant.

Robert M. Spire, Attorney General, and Kimberly A. Klein for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

By its five-count information filed on November 9, 1987, in the district court for Lancaster County, the State charged Wesley Earl Kitt with attempts to obtain possession of a controlled substance through a forged prescription, see Neb. Rev. Stat. § 28-418(1)(c) (Reissue 1985), which is a Class IV felony, see § 28-418(2). On November 10, Kitt filed a plea in abatement, challenging the sufficiency of evidence adduced at his preliminary hearing. Sometime before January 7, 1988, Kitt was transferred to Douglas County to await trial in that county on the charge of theft by unlawfully taking property valued in excess of $1,000, a Class III felony. See Neb. Rev. Stat. §§ 28-511 and 28-518(1) (Reissue 1985). On January 7, 1988, the district court for Lancaster County overruled Kitt's plea in abatement. After Kitt's conviction in Douglas County for the theft charge, he was sentenced in Douglas County on February 23 to imprisonment for not less than 5 nor more than 15 years.

On March 23, Kitt was transferred from Douglas County to Lancaster County for arraignment on the pending controlled substances charges. After pleading not guilty in Lancaster County, on July 18 Kitt filed a motion to suppress evidence. Although a hearing on the suppression motion had been scheduled for August 22, in accordance with a plea arrangement Kitt withdrew his not guilty pleas on August 22 and immediately entered his no contest pleas to an amended information charging him with two counts of attempted possession of a controlled substance, in violation of Neb. Rev.

Stat. §§ 28-201 and 28-416(3) (Reissue 1985), a Class I misdemeanor punishable by 1 year's imprisonment, a $1,000 fine, or both such imprisonment and fine. See Neb. Rev. Stat. §§ 28-106 (Cum. Supp. 1986) and 28-201(4)(d) (Reissue 1985). Concerning Kitt's no contest pleas, the court informed and admonished Kitt in accordance with *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), and Kitt voluntarily, knowingly, and intelligently waived the rights specified in *Irish*. As recounted in the factual basis presented to the court for acceptance of Kitt's no contest pleas, the signature of the ordering physician on the prescriptions, that is, the signature of a "Dr. M.J. Swartz," was in Kitt's handwriting. The prescriptions ordered "Talwin NX," which contains pentazocine, a Schedule IV controlled substance.

The presentence report on Kitt contains six pages reflecting Kitt's criminal record, which included convictions for forgery, burglary, and theft. On September 28, 1988, the court sentenced Kitt on each conviction under the amended information, namely, imprisonment for 4 months to 1 year with credit for 173 custodial days in Douglas and Lancaster Counties. The sentences imposed in Lancaster County were "to be served consecutively to each other and to any other sentence . . . ." The district court for Lancaster County did not give Kitt credit for time served in imprisonment for the conviction in Douglas County. Authorities in Douglas County requested Kitt's return to Douglas County at the conclusion of the proceedings against Kitt in Lancaster County.

## SPEEDY TRIAL

Kitt contends that his convictions violate his statutory right to a speedy trial prescribed by Neb. Rev. Stat. §§ 29-1207 to 29-1209 (Reissue 1985). In pertinent part, § 29-1207 provides:

(1) Every person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section.

(2) Such six-month period shall commence to run from the date the indictment is returned or the information filed.

Section 29-1208 provides: "If a defendant is not brought to trial before the running of the time for trial, as extended by

excluded periods, he shall be entitled to his absolute discharge from the offense charged and for any other offense required by law to be joined with that offense." Section 29-1209 provides: "Failure of the defendant to move for discharge prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to speedy trial."

A defendant who fails to move for discharge before entry of a plea of guilty or no contest waives the statutory right to a trial within 6 months, which is provided by §§ 29-1207 to 29-1209. *State v. Hert*, 192 Neb. 751, 224 N.W.2d 188 (1974). See *State v. Alvarez*, 189 Neb. 281, 202 N.W.2d 604 (1972). See, also, *State v. McNitt*, 216 Neb. 837, 346 N.W.2d 259 (1984). Since Kitt failed to move for discharge before the court accepted Kitt's no contest pleas, he waived his statutory right to a trial within 6 months from the filing of the information against him.

Moreover, Kitt entered his valid no contest pleas to the amended information and charges against him. A plea of nolo contendere is equivalent to a plea of guilty for convicting and sentencing a defendant. *State v. Luther*, 213 Neb. 476, 329 N.W.2d 569 (1983). A plea of guilty embodies a waiver of every defense to the charge, whether procedural, statutory, or constitutional, except the defense that the information or complaint is insufficient to charge a criminal offense. *State v. Golgert*, 223 Neb. 950, 395 N.W.2d 520 (1986); *State v. Blankenbaker*, 197 Neb. 344, 248 N.W.2d 773 (1977).

EXCESSIVE SENTENCE

A sentence imposed within the statutory limits will not be disturbed on appeal unless the sentencing court has abused its discretion in the sentence imposed. *State v. Hoffman*, 227 Neb. 131, 416 N.W.2d 231 (1987); *State v. Dillon*, 222 Neb. 131, 382 N.W.2d 353 (1986).

Although each sentence imposed on Kitt for the controlled substance convictions is the maximum for a Class I misdemeanor, the presentence report on Kitt shows numerous prior offenses which were undoubtedly taken into consideration by the sentencing court. " 'It is within the discretion of the trial court to direct that sentences imposed for separate crimes be served consecutively as opposed to concurrently.' " *State v. Irish, supra* at 817, 394 N.W.2d at 881.

See, also, *State v. Vrtiska*, 227 Neb. 600, 418 N.W.2d 758 (1988). Kitt argues that he should have been given credit for the custodial time from February 23, 1988 (sentence in Douglas County) to September 28, 1988 (sentence in Lancaster County). "[W]here the imposed sentence of imprisonment is the statutory maximum for the offense, the sentencing court must give the defendant credit for jail time." *State v. Vrtiska, supra* at 608-09, 418 N.W.2d at 764. "Jail time" is commonly understood to be the time the accused spends in detention pending trial and sentencing. *State v. Fisher*, 218 Neb. 479, 356 N.W.2d 880 (1984). However, Kitt's custodial time in Douglas County was actually imprisonment on account of the conviction of theft and was time being served on Kitt's conviction in Douglas County. Because the period from February 23 to September 28, 1988, was actually time being served on the Douglas County sentence, Kitt was not entitled to credit on the Lancaster County sentence for the time being served on the Douglas County sentence. We find no abuse of discretion in the sentences imposed by the district court for Lancaster County.

## CONCLUSION

Kitt waived his statutory right to speedy trial, and the sentences imposed on Kitt are not excessive. Therefore, the judgment of the district court is affirmed in all respects.

AFFIRMED.

FAHRNBRUCH, J., not participating.