STATE OF NEBRASKA, APPELLEE, V. MARK BAKER, APPELLANT.

553 N.W.2d 464

Filed October 4, 1996.   Nos. S-95-1204, S-95-1205.

Richard A. Birch, of Nielsen & Birch, and Leonard P. Vyhnalek for appellant.

Don Stenberg, Attorney General, and David T. Bydalek for appellee.

WHITE, C.J., CAPORALE, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ., and QUIST, D.J.

WHITE, C.J.

On January 14, 1992, Mark Baker (appellant) was convicted of being a felon in possession of a firearm and was subsequently sentenced to serve $1^1/_2$ to 3 years in prison. Appellant was then initially charged in county court with three counts: first degree murder of Evelyn Delmar, robbery, and use of a knife in the commission of a felony.

Upon completing his felon in possession of a firearm sentence on October 14, 1994, appellant was held in custody, pending proceedings related to Delmar's murder. An information charging appellant with first degree murder, robbery, and use of a knife in the commission of a felony was filed in the district court for Lincoln County. A second information was later filed in the same court charging appellant with conspiracy to commit first degree murder. Appellant was found guilty of second degree murder, robbery, use of a knife in the commission of a felony, and attempted conspiracy to commit first degree murder, and he was sentenced accordingly. Appellant was given 322 days' credit for time served on the robbery charge.

Appellant assigns as error the district court's computation of credit for time served. We affirm.

On September 16, 1991, Evelyn Delmar was murdered at her place of employment. In conjunction with the murder, approximately $200 was stolen from the business.

On September 17, a search warrant was issued for appellant's residence and vehicle. While executing the search of appellant's residence, a handgun was found. Because appellant had previously been convicted of felony arson, he was arrested on that same day for being a felon in possession of a firearm and was incarcerated.

While appellant was incarcerated, he approached a cellmate and requested that the cellmate put him in touch with someone who would kill certain individuals. The cellmate related the information to his attorney, who then reported it to the Lincoln County Attorney. In response to this information, Lt. Norbert Liebig of the Nebraska State Patrol, posing as a hit man, contacted appellant. Appellant admitted to Liebig that he

had committed the murder of Delmar and that he had robbed her place of employment.

On January 14, 1992, appellant was tried and convicted of the felon in possession of a firearm charge. On March 11, he was sentenced to serve 1½ to 3 years in prison. On that same day, he was also initially charged in Lincoln County Court with first degree murder, robbery, and use of a knife in the commission of a felony in relation to the murder of Delmar.

After completing his felon in possession of a firearm sentence on October 14, 1994, appellant remained in custody, charged with Delmar's murder. On February 11, 1995, an information was filed in Lincoln County District Court charging appellant with first degree murder, robbery, and use of a knife in the commission of a felony. A second information was filed in the district court for Lincoln County on April 24, charging appellant with conspiracy to commit first degree murder. Later, the first degree murder charge was amended to second degree murder, and the conspiracy charge was reduced to attempted conspiracy.

Appellant entered pleas of no contest, a factual basis was provided by the State, and appellant was found guilty. On October 2, 1995, appellant was sentenced to life imprisonment on the second degree murder conviction. He received a sentence of 16⅔ to 50 years' imprisonment on the robbery conviction, 6⅔ to 20 years' imprisonment on the use of a knife conviction, and 4 to 20 years' imprisonment on the attempted conspiracy conviction. All of these sentences were to be served consecutively. Appellant was given credit for time served of 322 days, from October 14, 1994, to October 2, 1995, on the robbery charge.

A notice of appeal was filed with the district court for Lincoln County in each of the cases on October 31, 1995. The cases were consolidated for the purpose of appeal.

Appellant assigns two errors which can be summarized as follows: When sentencing on the robbery conviction, the district court erred when it did not credit the time spent in jail from appellant's arrest on September 17, 1991, on the felon in possession of a firearm charge until the sentencing for that crime.

Unless the sentencing court has abused its discretion in imposing a sentence, that sentence, imposed within the statutory limits, will not be disturbed on appeal. *State v. Kitt*, 232 Neb. 237, 440 N.W.2d 234 (1989).

Neb. Rev. Stat. § 83-1,106(1) (Reissue 1994) provides:

> Credit against the maximum term and any minimum term shall be given to an offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. This shall specifically include, but shall not be limited to, time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to delivery of the offender to the custody of the Department of Correctional Services, the county board of corrections, or, in counties which do not have a county board of corrections, the county sheriff.

Appellant contends that the district court miscalculated the credit he was to receive under this section.

We previously addressed the issue of credit computation in two cases which are factually similar to this case, *State v. Fisher*, 218 Neb. 479, 356 N.W.2d 880 (1984), and *State v. Kitt, supra*. In *Fisher, supra*, defendant was arrested and charged on November 16, 1982, with having made terroristic threats and, as a result of a separate incident, with having committed a robbery. Defendant was convicted of having made terroristic threats and, on May 20, 1983, was sentenced to serve 18 months to 5 years in prison. The robbery charge was later reduced to a charge of being a felon in possession of a firearm. Defendant was convicted of the reduced charge and sentenced to prison on June 9, 1983, for a period of 18 months to 5 years, a sentence to be served concurrently with the earlier terroristic threats sentence. This court held that defendant was to be credited with the time he spent incarcerated from April 15 through May 19, 1983. We further held, however, that there was no legal basis for crediting defendant with time spent incarcerated from May 20 through June 8, 1983.

In *Kitt, supra*, defendant was charged in Lancaster County with attempts to obtain possession of a controlled substance

through a forged prescription on November 9, 1987. Sometime before January 7, 1988, defendant was transferred to Douglas County to await trial on a charge of theft. He was convicted of theft and sentenced on February 23, 1988. On March 23, defendant was transferred back to Lancaster County for arraignment on the pending controlled substances charges. On September 28, he was convicted and sentenced. The sentences imposed in Lancaster County were to be served consecutively with the sentences imposed in Douglas County. This court held that defendant was not entitled to credit for time served during the period of February 23 to September 28, 1988.

Section 83-1,106(1) provides a defendant credit for jail time, which, as stated in both *Fisher* and *Kitt*, is time he or she spends in detention pending trial and sentencing. In *Fisher*, defendant's incarceration between his terroristic threats conviction and felon in possession of a firearm conviction was not time spent awaiting trial and sentencing for the second conviction, but was time spent serving the sentence imposed for the first conviction. Similarly, in *Kitt*, defendant was incarcerated in Douglas County for the purpose of serving the sentence imposed for theft and not for the purpose of awaiting trial in Lancaster County for the controlled substances charges.

Like the defendants in *Fisher* and *Kitt*, appellant herein was sentenced to imprisonment for two separate offenses arising out of two separate incidents. Appellant was first charged, convicted, and sentenced for being a felon in possession of a firearm; appellant had earlier been convicted of felony arson, and on September 17, 1991, a handgun was found in his residence as a result of a lawful search. Appellant was then charged, convicted, and sentenced for second degree murder, robbery, use of a knife in the commission of a felony, and attempted conspiracy to commit first degree murder; such convictions arose out of the murder of Delmar occurring on September 16, 1991, and subsequent incarceration for that murder.

From September 17, 1991, to October 14, 1994, appellant was serving time on the felon in possession of a firearm sen-

tence. Appellant was not, however, spending time in jail awaiting trial and sentencing for the charges arising out of Delmar's murder. Therefore, appellant was not entitled to credit on the sentences which were imposed for the commission of second degree murder, robbery, use of a knife in the commission of a felony, and attempted conspiracy to commit first degree murder.

AFFIRMED.

FAHRNBRUCH, J., not participating.