State of Nebraska, appellee, v.
Ward L. Hunnel, appellant.
___ N.W.2d ___

Filed May 29, 2015.    No. S-14-620.

1. **Sentences: Appeal and Error.** Whether a defendant is entitled to credit for time served and in what amount are questions of law. An appellate court reviews questions of law independently of the lower court.
2. ____: ____. An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.
3. **Sentences: Prior Convictions.** Neb. Rev. Stat. § 83-1,106(4) (Reissue 2008) does not concern time spent serving a sentence on a prior conviction.
4. **Sentences: Words and Phrases.** Jail time is the time an accused spends in detention pending trial and sentencing.
5. ____: ____. Prison time is the time spent serving on a conviction.
6. ____: ____. "[T]ime spent in custody under the former charge," as found in Neb. Rev. Stat. § 83-1,106(4) (Reissue 2008), refers to jail time and not to prison time.
7. **Sentences.** With regard to a federal sentence still being served at the time of sentencing on a state conviction, the second sentence does not begin to run until the sentence which the prisoner is serving in another court has expired, unless the court pronouncing the sentence specifically states otherwise.
8. **Sentences: Evidence.** The sentencing court has broad discretion as to the source and type of evidence and information which may be used in determining the kind and extent of the punishment to be imposed, and evidence may be presented as to any matter that the court deems relevant to the sentence.
9. **Sentences.** When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the violence involved in the commission of the crime.
10. ____. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

Appeal from the District Court for Buffalo County: John P. Icenogle, Judge. Affirmed.

Nathan T. Bruner, of Greenwall, Bruner & Frank, L.L.C., for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

McCormack, J.

## NATURE OF CASE

Ward L. Hunnel appeals from his sentences for multiple convictions of felon in possession of a firearm and attempted felon in possession of a firearm. Hunnel presented no evidence at the sentencing hearing other than a newspaper article in which the local police chief described him as a hunting enthusiast who was not a threat to the community. The court refused to enter the newspaper into evidence. Hunnel argues that the court erred in refusing to consider the newspaper article. Hunnel also argues that the court erred in failing to grant him credit for 369 days previously served within the federal system on a federal sentence. We affirm.

## BACKGROUND

Hunnel pled guilty in the Buffalo County District Court to one count of felon in possession of a firearm, a Class ID felony, and three counts of attempted felon in possession of a firearm, a Class II felony. In exchange, the State dismissed 26 counts of felon in possession of a firearm and changed 3 counts of felon in possession of a firearm to attempted felon in possession of a firearm. The original information was filed on February 15, 2013, and the amended information was filed on April 8, 2014.

The possession charges stem from law enforcement's discovering, on January 22, 2013, 30 weapons and copious amounts of ammunition in the home where Hunnel resided. Hunnel was arrested by the Kearney Police Department on January 24. The presentence investigation report (PSI) indicates that Hunnel was released on bond on February 8, 2013.

Hunnel has a criminal history beginning in 1982. Prior offenses include burglary as a juvenile, careless driving, hunting after hours, driving under suspension, willful reckless driving, criminal mischief, attempted third degree assault, disturbing the peace, violations of hunting and fishing regulations, issuing bad checks, intimidation by telephone call,

impersonating a public servant, violation of a protection order, violating motor carrier safety regulations, and multiple probation violations. In 2006, Hunnel was convicted on a federal charge of "Illegal Import of Wildlife" and was placed on 5 years' probation. That probation was subsequently revoked on August 11, 2008, and he served an 11-month sentence in the Bureau of Prisons.

The PSI noted that Hunnel has had problems with compliance when sentenced to probation. This included law violations as well as leaving the state without authorization, failing to file monthly supervision reports, neglecting to notify his probation officer of a change of address, and failing to pay restitution. In addition, the PSI found Hunnel to be at "Very High Risk" under the category of "Pro-Criminal Attitude/ Orientation." The PSI stated that Hunnel did not take responsibility for his actions leading to the possession charges in Buffalo County and that Hunnel considered those actions to be "victimless crime[s]." The PSI indicates that when not in prison, Hunnel earned his living purchasing and selling animal hides across the Midwest.

The PSI shows that on December 10, 2013, Hunnel was sentenced to 12 months' imprisonment, followed by 3 years' supervised release, on a "Weapons Offense" in federal court. This conviction arose out of acts apparently occurring on March 30, 2013.

The PSI shows a "Federal Hold" on December 19, 2013. A bond review hearing for the possession charges was held in Buffalo County that same date. At the hearing, Hunnel's counsel indicated Hunnel had 4 months left on the federal sentence for the "Weapons Offense." The PSI indicates a return to the Buffalo County Detention Center on April 2, 2014, which was approximately 4 months after the bond review hearing.

The sentencing hearing on the firearms possession convictions in Buffalo County was held on June 12, 2014. The only evidence Hunnel's attorney offered at the sentencing hearing was a local newspaper article dated January 26, 2013, and entitled "30 firearms taken from felon's home." In the article,

the police chief "called Hunnel a hunting enthusiast and not a threat to the community." The police chief was quoted in the article as saying, "'I just don't see him as an immediate threat to the public.'"

The State objected to the article. The State noted that "the Court can receive it for whatever it's worth obviously," but argued that the exhibit was worth very little, because it was unclear what the police chief meant by his statement. The district court refused to enter the article into evidence, noting that the statement would "essentially be hearsay" and that "if you wanted to use [the police chief] as a character witness or reference, that could have been done directly."

Hunnel's attorney asked that the court sentence Hunnel to the minimum required by law. Hunnel's attorney described Hunnel as being no threat to the community. Hunnel violated the law by falling "into traps of his own passions which are outdoor life and the pursuit of being outdoors." Hunnel's attorney also noted that Hunnel was a cooperating federal witness and had been a cooperative and respectful inmate in the detention center.

Hunnel's attorney also asked that the court give Hunnel credit for 88 days served in Buffalo County, for 3 days in Grant County that were served as charges were dismissed as part of the plea bargain, for 3 days served in Platte County, and for 369 days served with the federal authorities. Hunnel's attorney offered no evidence relating to the December 2013 federal sentence or its underlying conviction. The State mentioned at the hearing that it believed Hunnel had spent 369 days in federal custody, although it did not elaborate or specifically respond to Hunnel's request for 369 days' credit. Hunnel's attorney stated at the hearing that the federal "Weapons Offense" listed in the PSI was really interstate transportation of an unlawfully killed deer. The State made no comment concerning the details of the federal crime.

On June 13, 2014, the court sentenced Hunnel to 7 to 15 years' imprisonment on count I and 20 months' to 5 years' imprisonment on counts II through IV. Counts II through IV were to be served concurrently to each other and consecutively to count I. The court granted Hunnel credit for 86 days

of time served. The court did not grant credit for 369 days in custody under the federal conviction. On July 10, Hunnel filed his notice of appeal from the June 13 order.

## ASSIGNMENTS OF ERROR

Hunnel assigns as error that the district court imposed excessive sentences and abused its discretion at the sentencing hearing by failing to allow relevant evidence.

## STANDARD OF REVIEW

[1] Whether a defendant is entitled to credit for time served and in what amount are questions of law. An appellate court reviews questions of law independently of the lower court.[1]

[2] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.[2]

## ANALYSIS

Hunnel argues that the court erred in refusing to grant him credit for the 369 days he spent in federal custody. Hunnel also asserts that the court should have allowed into evidence the newspaper article containing favorable references to his character by the local police chief, reasoning that this character evidence would have mitigated his sentences. He requests that the sentences be vacated and that "fair and just"[3] lesser sentences be imposed, with 369 days credit for time served.

### Credit for Time Served

[3] We first address Hunnel's argument that the district court erred in failing to grant credit under Neb. Rev. Stat. § 83-1,106(4) (Reissue 2008) for 369 days spent in federal custody. The time in federal custody that Hunnel seeks credit for was spent serving the sentence imposed for his federal conviction. We find no merit to Hunnel's argument, because § 83-1,106(4) does not concern time spent serving a sentence on a prior conviction.

---

[1] *State v. Carngbe*, 288 Neb. 347, 847 N.W.2d 302 (2014).

[2] *State v. Kass*, 281 Neb. 892, 799 N.W.2d 680 (2011).

[3] Brief for appellant at 23.

Section 83-1,106(4) states:

> If the offender is arrested on one charge and prosecuted on another charge growing out of conduct which occurred prior to his or her arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge which has not been credited against another sentence.

[4,5] In cases decided under § 83-1,106, we have repeatedly equated "custody as a result of the criminal *charge*"[4] with "jail time."[5] We have said that jail time is the time an accused spends in detention pending trial and sentencing.[6] We have explained that "jail time" does not include "prison time." Prison time is the time spent serving on a conviction.[7]

[6] In *State v. Banes*,[8] we indicated that "'time spent in custody under the former *charge*'" pursuant to § 83-1,106(4) likewise concerns only jail time. We said that § 83-1,106(4) anticipates allocation of the period of incarceration during the time a defendant is awaiting trial on more than one case.[9] We have never given credit under § 83-1,106(4) for time spent

---

[4] § 83-1,106(1) (emphasis supplied).

[5] See, *State v. Baker*, 250 Neb. 896, 553 N.W.2d 464 (1996); *State v. Groff*, 247 Neb. 586, 529 N.W.2d 50 (1995); *State v. Frizzell*, 243 Neb. 103, 497 N.W.2d 391 (1993); *State v. Jordan*, 240 Neb. 919, 485 N.W.2d 198 (1992); *State v. Heckman*, 239 Neb. 25, 473 N.W.2d 416 (1991); *State v. Kitt*, 232 Neb. 237, 440 N.W.2d 234 (1989); *State v. Von Dorn*, 234 Neb. 93, 449 N.W.2d 530 (1989); *State v. Fisher*, 218 Neb. 479, 356 N.W.2d 880 (1984); *Addison v. Parratt*, 208 Neb. 459, 303 N.W.2d 785 (1981); *State v. Tweedy*, 196 Neb. 246, 242 N.W.2d 626 (1976); *State v. McLeaney*, 6 Neb. App. 807, 578 N.W.2d 68 (1998). Compare *State v. Alford*, 278 Neb. 818, 774 N.W.2d 394 (2009).

[6] See, *State v. Baker, supra* note 5; *State v. Jordan, supra* note 5; *State v. Heckman, supra* note 5; *State v. Kitt, supra* note 5; *State v. Vrtiska*, 227 Neb. 600, 418 N.W.2d 758 (1988); *State v. Fisher, supra* note 5.

[7] See, *State v. Vrtiska, supra* note 6; *State v. Fisher, supra* note 5.

[8] *State v. Banes*, 268 Neb. 805, 811, 688 N.W.2d 594, 598 (2004) (emphasis supplied).

[9] *Id.* See, also, *State v. Carngbe, supra* note 1.

serving a sentence under a conviction. We hold that "time spent in custody under the former charge," as found in § 83-1,106(4), refers to jail time and not to prison time.

Only one subsection of § 83-1,106 pertains to credit for time spent serving a sentence after conviction. Subsection (2) specifies that credit may be given for time spent in custody "under a prior *sentence*." (Emphasis supplied.) But § 83-1,106(2) provides that the defendant may receive such credit for prison time only if the defendant is later "reprosecuted and resentenced" for the same offense or for another offense based on the same conduct. There is no provision under any subsection of § 83-1,106 allowing credit for time spent serving a valid sentence under a valid conviction.

What Hunnel really seeks is a retroactive concurrency of valid sentences for separate crimes. The record, though woefully sparse, indicates Hunnel finished serving the federal period of incarceration before being sentenced on the Buffalo County convictions. We are unaware of any legal principle that would allow a court to order a sentence to run concurrently with a sentence on another conviction that has already been served.

[7] With regard to a federal sentence still being served at the time of sentencing on a state conviction, we have said that the second sentence does not begin to run until the sentence which the prisoner is serving in another court has expired, unless the court pronouncing the sentence specifically states otherwise.[10] Such concurrency, like concurrency with another sentence in the same court, is left to the sentencing judge's discretion.[11]

We find no merit to Hunnel's arguments that the district court erred in failing to credit against his current sentences the 369 days he spent serving his federal sentence on a prior conviction.

---

[10] See, *Nelson v. Wolff*, 190 Neb. 141, 206 N.W.2d 563 (1973); *State, ex rel. Allen, v. Ryder*, 119 Neb. 704, 230 N.W. 586 (1930). See, also, Annot., 90 A.L.R.3d 408 (1979).

[11] See *State v. Berney*, 288 Neb. 377, 847 N.W.2d 732 (2014).

NEWSPAPER ARTICLE

We next address Hunnel's arguments concerning the newspaper article. Hunnel asserts that the district court abused its discretion in refusing to enter the newspaper article into evidence. Hunnel argues that because of this error, we should vacate his sentences.

[8] The sentencing court has broad discretion as to the source and type of evidence and information which may be used in determining the kind and extent of the punishment to be imposed, and evidence may be presented as to any matter that the court deems relevant to the sentence.[12] The traditional rules of evidence may be relaxed for this purpose, so that the sentencing authority can receive all information pertinent to the imposition of sentence.[13] Thus, reliance upon hearsay information in a presentence investigation is not inappropriate.[14]

An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[15] We conclude that the district court did not abuse its discretion.

While the rules of hearsay may not apply to sentencing hearings, it was reasonable for the district court to consider the foundation for the hearsay statement Hunnel sought to introduce. The court opined: "[I]f you wanted to use [the police chief] as a character witness or reference, that could have been done directly." There was no evidence or argument that the police chief knew Hunnel personally. Rather, it appears from the context that the police chief was giving his assessment of Hunnel's dangerousness based on the same information that the district court had before it at sentencing. The district court could make that judgment for itself.

[9,10] To the extent that Hunnel attempts to more generally challenge his sentences are excessive, we find they are not.

---

[12] *State v. Pullens*, 281 Neb. 828, 800 N.W.2d 202 (2011).

[13] See *id*.

[14] *State v. Ritsch*, 232 Neb. 407, 440 N.W.2d 689 (1989).

[15] *State v. Ramirez*, 284 Neb. 697, 823 N.W.2d 193 (2012).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.[16] When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the violence involved in the commission of the crime.[17] The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.[18]

A Class ID felony is subject to a minimum sentence of imprisonment of 3 years and a maximum sentence of 50 years.[19] A Class II felony is subject to a minimum sentence of imprisonment of 1 year and a maximum sentence of 50 years.[20] The court sentenced Hunnel to 7 to 15 years' imprisonment on the Class ID felony and 20 months' to 5 years' imprisonment on each of the Class II felonies. Counts II through IV were to be served concurrently to each other and consecutively to count I. The sentences imposed were well below the maximum statutory limits. Hunnel's extensive criminal history and noncompliance with probation justified the court's sentencing order.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.

HEAVICAN, C.J., not participating.

---

[16] *State v. Kass, supra* note 2.

[17] *Id.*

[18] *Id.*

[19] Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2014).

[20] *Id.*