STATE OF NEBRASKA, APPELLEE, v. ANDRE HOLLOWAY, APPELLANT.

322 N.W.2d 818

Filed August 6, 1982. No. 81-865.

Dennis R. Keefe, Lancaster County Public Defender, and Dorothy A. Walker, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CLINTON, J.

The defendant Holloway was found guilty after entering a plea of no contest to a charge of theft by unlawful taking of property of the value of $300 or more and less than $1,000. The offense is a Class IV felony and the authorized penalty is incarceration for not more than 5 years or a fine of not more than $10,000, or both. Neb. Rev. Stat. § 28-105 (Reissue 1979). Prior to sentencing the defendant had been confined in jail for a period of 393 days, not having posted the $25,000 cash bond fixed by order of the court. The record does not disclose the reason for the lapse of time between incarceration and plea and sentencing, but the briefs indicate that the time was consumed in connection with a motion or motions to suppress. The District Court imposed a sentence of 20 months' to 5 years' imprisonment and a fine of $7,500. The sentencing judgment also provided the defendant be given a credit of 93 days on the sentence of imprisonment and that the $7,500 fine be satisfied by being given credit for 300 days' jail time.

On this appeal the defendant argues (1) that the sentence is excessive, and (2) that the portion of the sentence satisfying the fine by crediting 300 days of jail time confinement while awaiting trial is unconstitutional because it could result in the defendant being incarcerated for a period of time longer than the maximum authorized imprisonment of 5 years. The defendant asks that the entire 393 days be credited on his sentence of imprisonment.

Defendant relies upon the holdings of the U.S. Supreme Court in *Williams v. Illinois,* 399 U.S. 235, 90 S. Ct. 2018, 26 L. Ed. 2d 586 (1970), and *Tate v. Short,* 401 U.S. 395, 91 S. Ct. 668, 28 L. Ed. 2d 130 (1971). In *Williams* the facts were that an indigent defendant had been sentenced to the maximum period of imprisonment and also given a fine of $500, plus $5 costs, and the judgment provided that if at the end

of his incarceration he had not satisfied the fine, then he should remain in jail to work off the fine at the statutory rate of $5 a day. The Supreme Court held that though a state has considerable latitude in fixing the punishment for state crimes and may impose alternative sanctions, it may not under the equal protection clause subject a certain class of convicted defendants to a period of imprisonment beyond the statutory maximum solely by reason of their indigency. In *Tate* the petitioner, an indigent, was convicted of traffic offenses and fined a total of $425. Texas law did not provide alternative penalties of imprisonment. The Court held that it is a denial of equal protection to limit punishment to payment of a fine for those who are able to pay it but to convert the fine to imprisonment for those who are unable to pay it.

The defendant's first assignment may be disposed of summarily. We have carefully examined the record, including the presentence investigation. The sentence is not excessive.

As to the second assignment, we determine that the matter is controlled by the Nebraska statutes and we affirm the sentence but modify its implementation as hereinafter set forth. We point out in passing that the briefs of both parties are inadequate in their discussion of the governing statutes. Each quotes only that portion of the pertinent statutes that suits his partisan purpose and thus has not been helpful to the court.

The relevant Nebraska statutes provide as follows: Neb. Rev. Stat. § 29-2206(1) (Reissue 1979) authorizes the court to imprison a convicted defendant until a fine which has been imposed has been paid. Subsection (2) of that statute, insofar as is relevant here, reads as follows: "Notwithstanding the provisions of subsection (1) of this section, when any offender demonstrates to the court or magistrate that he or she is unable to pay such fine in one

lump sum the court or magistrate shall make arrangements suitable to the court or magistrate and to the offender whereby the offender may pay the fine in installments. The court or magistrate shall enter an order specifying the terms of such arrangements and the dates on which payments are to be made." Neb. Rev. Stat. § 29-2412 (Reissue 1979) provides: "Whenever it shall be made satisfactorily to appear to the district court, or to the county judge of the proper county, after all legal means have been exhausted, that any person who is subject to being or is confined in jail for any fine or costs of prosecution for any criminal offense has no estate wherewith to pay such fine and costs, or costs only, it shall be the duty of such court or judge, on his or her own motion or upon the motion of the person so confined, to discharge such person from further imprisonment, for such fine and costs, which discharge shall operate as a complete release of such fine and costs; *Provided,* nothing herein shall authorize any person to be discharged from imprisonment before the expiration of the time for which he or she may be sentenced to be imprisoned, as part of his or her punishment, or when such person shall default on a payment due pursuant to an installment agreement arranged by the court. Any person held in custody for nonpayment of a fine or for default on an installment shall be entitled to a credit on the fine or installment of twenty-five dollars for each day so held. In no case shall a person held in custody for nonpayment of a fine be held in such custody for more days than the maximum number to which he or she could have been sentenced if the penalty set by law includes the possibility of confinement."

We have held that where the term of a sentence pronounced is the statutory maximum for the offense, credit must be given for jail time. *State v. Rathbun,* 205 Neb. 329, 287 N.W.2d 445 (1980); *State v. Blazek,* 199 Neb. 466, 259 N.W.2d 914 (1977). Credit

for jail time need not, however, be given when the maximum sentence is not imposed. *Eutzy v. State,* 199 Neb. 384, 258 N.W.2d 829 (1977).

It seems clear from the statutes we have cited that a defendant, upon whom a fine has been imposed and who has the ability to pay a fine, must be given the opportunity to do so, and that a defendant who can pay but not in one lump sum must be given an opportunity to pay in installments. The following language of § 29-2412, "Whenever it shall be made satisfactorily to appear to the district court, or to the county judge of the proper county, after all legal means have been exhausted, that any person who is subject to being or is confined in jail for any fine or costs of prosecution for any criminal offense has no estate wherewith to pay such fine and costs, or costs only, it shall be the duty of such court or judge, on his or her own motion or upon the motion of the person so confined, to discharge such person from further imprisonment, for such fine and costs, which discharge shall operate as a complete release of such fine and costs," clearly indicates that indigents cannot be required to satisfy fines by imprisonment. Further, the last sentence of § 29-2412 indicates that no defendant shall be held in prison in satisfaction of a fine for a period beyond the maximum number of days for which he could have been imprisoned for the offense of which convicted.

The proviso of § 29-2412 was enacted in 1979. 1979 Neb. Laws, L.B. 111. It is probable that this amendment was adopted in recognition of the holdings of the U.S. Supreme Court in the two cases we have cited. As we read those two cases, even an indigent may, in a case where both fine and imprisonment are authorized, be required to satisfy the fine by imprisonment provided the total time served does not exceed the maximum prison term which could have been imposed as punishment. Our statutes, however, appear to be more generous and provide that

an indigent may not be required to satisfy a fine by imprisonment.

It seems clear to us that the statutes cited do not authorize the procedure which the court here used, i.e., requiring the fine to be satisfied by applying the jail time served without giving an opportunity to pay in the manner provided by statute, and without affording an opportunity to show indigency.

The record does not clearly show that the defendant is an indigent unless that is to be inferred solely from the fact that he could not post a $25,000 cash bond. The inference that the defendant was indigent does not necessarily follow.

We affirm the sentence of imprisonment and the fine. We modify that portion of the judgment which requires the satisfaction of the fine by credit for 300 days' jail time. We direct that 2 months before the defendant shall have completed his 20-month to 5-year sentence he be given an opportunity of making a showing of indigency. If he shall make such proof, then the fine shall be discharged. If he shall fail to make such proof, then there shall be such further proceedings as satisfy the provisions of the statutes as we have interpreted them.

It is salutary at this time to point out the provisions of Neb. Rev. Stat. § 29-2407 (Reissue 1979) in order that they may not be overlooked. That statute grants the State a lien upon the defendant's property within the county for satisfaction of the fine. It then provides: "No property of any convict shall be exempt from execution issued upon any such judgment as aforesaid, against such convict, except in cases where the convict shall be sentenced to the Nebraska Penal and Correctional Complex for a period of more than two years, or to suffer death, in which cases there shall be the same exemptions as at the time may be provided by law for civil cases."

AFFIRMED IN PART AND REMANDED
WITH DIRECTIONS.

KRIVOSHA, C.J., concurs in the result.