STATE OF NEBRASKA, APPELLEE, v. WILLIAM M. BRUMFIELD, APPELLANT.

324 N.W.2d 407

Filed September 24, 1982. No. 81-904.

Randal B. Brown, for appellant.

Paul L. Douglas, Attorney General, and Mel Kammerlohr, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

This appeal challenges the right of a trial court

which has imposed a fine, together with imprisonment up to the maximum period permissible, to peremptorily direct satisfaction of the fine by crediting pretrial custody time against it. We hold a trial court may not so do and remand this case for resentencing of the defendant.

During the late evening hours of May 16, 1981, defendant-appellant, William M. Brumfield, and others met the victim at a Lincoln bar. After some drinking, the victim, the defendant, and the others went to the victim's apartment where they continued to drink and listen to music. During the early morning hours of May 17, 1981, defendant struck the victim with a wooden stick which was approximately 30 inches long and 1 inch in diameter. As a result the victim suffered a painful laceration to the back of his head.

Following a plea of no contest, the defendant was found guilty of second degree assault, a Class IV felony. Defendant was sentenced to serve a term of not less than 20 months nor more than 5 years in an institution under the jurisdiction of the Department of Correctional Services. The court also imposed a $5,000 fine to cover the costs of prosecution. The defendant was given credit for the 182 days he spent in custody prior to sentencing, and said credit was ordered applied to the fine at the rate of $25 per day. A Class IV felony authorizes a maximum penalty of 5 years' imprisonment, a $10,000 fine, or both such imprisonment and fine.

The defendant argues that the trial court erred in applying the time spent in pretrial custody to the partial satisfaction of the fine.

The issue presented is controlled by *State v. Holloway, ante* p. 426, 322 N.W.2d 818 (1982). Where a fine has been imposed as part of a penalty which authorizes imprisonment up to the maximum period permissible, a court may not peremptorily direct that the fine be satisfied by crediting the pretrial

custody time against it. The defendant must be afforded an opportunity to pay the fine in accordance with law.

Accordingly, the cause is remanded to the Nebraska Third Judicial District Court, Lancaster County, for resentencing in accordance with the principles enunciated herein.

In view of the foregoing determination, we do not address defendant's claim that his sentence was excessive.

REVERSED AND REMANDED.

CLINTON, J., participating on briefs.