STATE OF NEBRASKA, APPELLEE, V. GARY A. VRTISKA, APPELLANT.

418 N.W.2d 758

Filed February 12, 1988.    No. 86-968.

James R. Mowbray of Mowbray, Chapin & Walker, P.C., for appellant.

Robert M. Spire, Attorney General, and Susan M. Ugai, for appellee.

BOSLAUGH, CAPORALE, and SHANAHAN, JJ., and BRODKEY, J., Retired, and ROWLANDS, D.J.

SHANAHAN, J.

On August 29, 1985, a complaint was filed against Gary A. Vrtiska in the county court for Pawnee County and charged him with carrying a concealed weapon in violation of Neb. Rev. Stat. § 28-1202(1) (Reissue 1985). On September 1, the sheriff of Pawnee County and his deputy saw Vrtiska seated in a parked vehicle and, pursuant to the outstanding warrant, arrested Vrtiska. On searching Vrtiska and the automobile in which he was sitting, the officers discovered a .357 Magnum covered by a cloth in the car's back seat and a revolver in Vrtiska's left front pants pocket. The officers then took Vrtiska to the county jail.

A second complaint for carrying a concealed weapon was filed against Vrtiska in the Pawnee County Court on September 3, 1985, as a result of Vrtiska's arrest on September 1. Vrtiska was arraigned on the second weapon charge on September 3. After determining that Vrtiska was without funds to retain a lawyer, the county court appointed a lawyer for Vrtiska, who was unable to provide a bail bond and remained in jail pending his trial scheduled for September 19. At Vrtiska's request, the court discharged the initial court-appointed attorney and appointed another lawyer, Bruce Dalluge, to represent Vrtiska. Trial was rescheduled for October 17. However, on October 10, Dalluge, Vrtiska's lawyer, filed a motion to disqualify the judge. On Vrtiska's motion, trial was postponed until November 7. In the meantime, however, on October 25, Dalluge moved for permission to withdraw as Vrtiska's attorney, which motion was heard and denied by the court on November 7, the date previously set for Vrtiska's trial. Vrtiska claims that at the November 7 hearing he asked the court to allow him to act as his own attorney on the second weapon charge, but the record does not show any such request.

On November 27, Vrtiska moved for a change of venue and requested a jury trial. On December 5, the county judge denied a change of venue and refused to disqualify himself, but granted Vrtiska's request for a jury trial on a date to be determined. Dalluge filed a motion to suppress physical evidence on February 12, 1986. That motion was heard on March 20, when Vrtiska, in open court, asked to represent

himself. The court allowed Vrtiska to act as his own attorney but appointed Dalluge as advisory counsel. At the March 20 hearing, Vrtiska insisted that the suppression motion was not his. When the court directed Vrtiska to proceed with the suppression motion or it would be considered withdrawn, Vrtiska proceeded on the motion, which was denied without the court's setting the case for trial.

On March 28, Vrtiska was convicted on the first concealed weapon charge, which had been filed in August of 1985, and, on April 17, was sentenced to imprisonment for 1 year, the maximum term of imprisonment for conviction of misdemeanor concealed weapon. See, § 28-1202(3) and Neb. Rev. Stat. § 28-106(1) (Reissue 1985). On the April 17 sentence, Vrtiska was given 200 days credit for the time of his incarceration while he was awaiting disposition of the first weapon charge.

Meanwhile, on April 4, Vrtiska had filed other motions concerning the second weapon charge, requesting that the court permit discovery and quash the complaint, and on April 16 moved for absolute discharge, since he had not been brought to trial within 6 months after the complaint was filed on September 3, 1985, pertaining to the second weapon charge. The court, on April 17, granted Vrtiska's request for discovery, denied Vrtiska's absolute discharge, refused to quash the complaint, and set trial for May 9, at which time a jury convicted Vrtiska on the second weapon charge.

On May 23, the court sentenced Vrtiska to 1 year in the Nebraska Penal and Correctional Complex, imposed a fine of $750, ordered Vrtiska to pay the costs, and further ordered Vrtiska committed until the fine and costs were paid or otherwise "discharged according to law." The prison term was to be served consecutively with any other term of Vrtiska's imprisonment, and no credit for jail time was given to Vrtiska on the May 23 sentence. At sentencing, Vrtiska claimed he was entitled to credit for jail time, but the court informed Vrtiska that the credit of 200 days on the sentence for the first weapon conviction was all the credit allowable:

Yes, you were given credit for, I think, 200 days on your other case; and, so this is a separate sentence, and it will

run consecutive to your other one.

. . . .

. . . The way I look at it you haven't got anything to be credited for in this case. I gave you credit, in your previous case, for all the time you've been in jail.

With his notice of appeal to the district court, Vrtiska filed a motion to proceed in forma pauperis and documented his assets as $18.59 and some income, namely, Social Security benefits. The record does not show any disposition made by the county court on Vrtiska's forma pauperis motion. On appeal, the district court affirmed the judgment of the county court.

As his first assignment of error, Vrtiska claims he should have been discharged, since he was not brought to trial within 6 months as required by the Nebraska speedy trial act, Neb. Rev. Stat. §§ 29-1207 to 29-1209 (Reissue 1985). Section 29-1207 provides in pertinent part:

(1) Every person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section.

(2) Such six-month period shall commence to run from the date the indictment is returned or the information filed. . . .

. . . .

(4) The following periods shall be excluded in computing the time for trial:

(a) . . . the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence, motions to quash the indictment or information, demurrers and pleas in abatement and motions for a change of venue; and the time consumed in the trial of other charges against the defendant . . . .

Section 29-1208 states: "If a defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, he shall be entitled to his absolute discharge from the offense charged and for any other offense required by law to be joined with that offense."

Although the statutory requirements of the Nebraska speedy trial act expressly refer to indictments and informations, the speedy trial act also applies to prosecutions on complaint. *State*

*v. Stevens*, 189 Neb. 487, 203 N.W.2d 499 (1973).

Since the complaint against Vrtiska was filed on September 3, 1985, the last day for commencement of Vrtiska's trial was March 3, 1986, unless any time must be excluded from such 6-month period pursuant to § 29-1207(4). Cf., *State v. Brown*, 214 Neb. 665, 335 N.W.2d 542 (1983); *State v. Fatica*, 214 Neb. 776, 336 N.W.2d 101 (1983).

The primary burden is on the State to see that an accused is brought to trial within the time prescribed by the Nebraska speedy trial act. [Citations omitted.] To avoid a defendant's absolute discharge from an offense charged, as dictated by § 29-1208, the State, by a preponderance of evidence, must prove existence of a period of time which is authorized by § 29-1207(4) to be excluded in computing the time for commencement of the defendant's trial in accordance with the Nebraska speedy trial act, or "6-month rule." [Citations omitted.]

*State v. Lafler*, 225 Neb. 362, 369, 405 N.W.2d 576, 582 (1987).

Vrtiska was not tried until May 9, 1986, which was 67 days beyond the 6-month period prescribed by § 29-1207. Therefore, the State had the burden to show that at least 67 days are excludable under § 29-1207(4) in computing the time for commencement of Vrtiska's trial.

Vrtiska concedes that certain periods are excludable in determining the last date for commencement of his trial, namely, from September 19 to November 7, 1985 (two continuances at Vrtiska's request), and from April 4 to 17, 1986 (Vrtiska's multiple pretrial motions). The total of those two periods is 62 days, thereby leaving to the State the burden to show that at least 5 other days are excludable from the speedy trial computation under § 29-1207(4).

Motions for a change of venue are expressly included as pretrial motions to which the exclusion in § 29-1207(4)(a) applies. See, also, *State v. Ogden*, 191 Neb. 7, 213 N.W.2d 349 (1973). The period from November 27, 1985 (Vrtiska's motion for change of venue), until December 5, 1985 (change of venue denied), or 8 days, is therefore excluded in computing the time for trial. Adding 8 days to the 62 days conceded by Vrtiska, there are 70 excludable days in determining the final day for

commencement of trial in accordance with Nebraska's 6-month rule. With the 70 excludable days added to March 3, 1986, which was the last day for commencement of trial in the absence of any excludable time, the last day for commencement of Vrtiska's trial was May 12, 1986. Vrtiska's trial commenced on May 9, which was within the 6-month limitation of § 29-1207 in view of the excluded time pertinent to Vrtiska's venue question. "An accused cannot generally take advantage of a delay in being brought to trial, where he is responsible for the delay either by action or inaction." *State v. Craig*, 219 Neb. 70, 72, 361 N.W.2d 206, 210 (1985). See, also, *State v. Lafler, supra; State v. Fatica, supra*. We do not reach a consideration of the time attributable to Vrtiska's motion to suppress and the excludability of that period under § 29-1207(4). The county court, therefore, properly denied Vrtiska's motion for dismissal on the basis of a denial of a speedy trial under Nebraska's "6-month rule," and the district court was correct in affirming the county court judgment in that respect.

Next, Vrtiska maintains the district court erred in affirming the county court sentence, which Vrtiska claims denied him an opportunity to make installment payments on the fine and court costs.

The relevant Nebraska statutes in effect at the time of Vrtiska's sentencing are Neb. Rev. Stat. §§ 29-2206 and 29-2412 (Reissue 1985), which in pertinent part provided:

(1) In all cases wherein courts or magistrates have now or may hereafter have the power to punish offenses, either in whole or in part, by requiring the offender to pay a fine or costs, or both, such courts or magistrates may make it a part of the sentence that the party stand committed and be imprisoned in the jail of the proper county until the same is paid or secured to be paid, or the defendant is otherwise discharged according to law.

(2) Notwithstanding the provisions of subsection (1) of this section, when any offender demonstrates to the court or magistrate that he or she is unable to pay such fine in one lump sum the court or magistrate shall make arrangements suitable to the court or magistrate and to the offender whereby the offender may pay the fine in

installments. The court or magistrate shall enter an order specifying the terms of such arrangements and the dates on which payments are to be made.

§ 29-2206, and

Whenever it shall be made satisfactorily to appear to the district court, or to the county judge of the proper county, after all legal means have been exhausted, that any person who is subject to being or is confined in jail for any fine or costs of prosecution for any criminal offense has no estate wherewith to pay such fine and costs, or costs only, it shall be the duty of such court or judge, on his or her own motion or upon the motion of the person so confined, to discharge such person from further imprisonment, for such fine and costs, which discharge shall operate as a complete release of such fine and costs; *Provided*, nothing herein shall authorize any person to be discharged from imprisonment before the expiration of the time for which he or she may be sentenced to be imprisoned, as part of his or her punishment, or when such person shall default on a payment due pursuant to an installment agreement arranged by the court. Any person held in custody for nonpayment of a fine or for default on an installment shall be entitled to a credit on the fine or installment of twenty-five dollars for each day so held. In no case shall a person held in custody for nonpayment of a fine be held in such custody for more days than the maximum number to which he or she could have been sentenced if the penalty set by law includes the possibility of confinement.

§ 29-2412.

In *State v. Holloway*, 212 Neb. 426, 430, 322 N.W.2d 818, 821 (1982), we examined the foregoing statutes and stated that it is clear that "a defendant, upon whom a fine has been imposed and who has the ability to pay a fine, must be given the opportunity to do so, and that a defendant who can pay but not in one lump sum must be given an opportunity to pay in installments." As part of the sentence in this case, the county court ordered Vrtiska to "pay a fine in the amount of $750.00, and to pay the court costs in the sum of $231.78, and to stand

committed until paid or further *discharged according to law*." (Emphasis supplied.) The county court's order of sentence contemplated and permitted a possible installment payment of the fine as provided under § 29-2206. Vrtiska complains that, after imposition of sentence, the court failed to consider Vrtiska's ability to pay the fine and costs, and relies upon our holding in *State v. Holloway, supra*, asserting that a defendant who can pay a fine, but not in one lump sum, must be given an opportunity to pay in installments and that the burden is on the court to afford the defendant an opportunity to show that he should be allowed to so pay. We agree. However, there is nothing in the record which shows that Vrtiska requested an arrangement to pay the fine in installments. Section 29-2206(2) provides that the court shall make suitable arrangements for an offender to pay a fine in installments, but this duty only follows "when any offender demonstrates to the court or magistrate that he or she is unable to pay such fine in one lump sum . . . ." Absent from the record in this case is any showing that Vrtiska demonstrated his inability to make a lump sum payment or that he indicated his wish to make installment payments of the fine imposed.

In *State v. Holloway, supra*, the trial court ordered that Holloway's $7,500 fine be satisfied by converting the fine into 300 days of jail time at $25 per day, see § 29-2412, without giving Holloway an opportunity to pay in the manner provided by statute, and without affording Holloway an opportunity to show indigency. We affirmed the sentence, but modified that portion of the judgment which required the satisfaction of the fine by conversion to 300 days jail time, and remanded the cause with directions to give Holloway an opportunity to show indigency and to have the fine discharged as provided by § 29-2412. See, also, *State v. Brumfield*, 212 Neb. 605, 324 N.W.2d 407 (1982) (trial court could not peremptorily direct that the fine be satisfied by crediting jail time against it; defendant had to be given an opportunity to pay the fine in accordance with law). Here, the county court expressly provided that Vrtiska's fine and costs could be discharged according to law. Vrtiska's fine was not ordered to be satisfied by conversion or application to jail time without an

opportunity to pay or discharge the fine imposed. Vrtiska had the opportunity to demonstrate his inability to pay in one lump sum; the record does not show that he attempted to take advantage of such opportunity.

Vrtiska also contends that he was indigent and the fine should have been discharged as provided by § 29-2412. Again, Vrtiska relies on *State v. Holloway, supra*, where we said § 29-2412 "clearly indicates that indigents cannot be required to satisfy fines by imprisonment." 212 Neb. at 430, 322 N.W.2d at 821. Vrtiska argues that there was sufficient evidence before the county court to show that Vrtiska had no estate to pay the fine imposed. That evidence of indigency, Vrtiska claims, was his inability to post bail and his affidavit in support of his motion to proceed in forma pauperis. However, in *State v. Holloway, supra*, we said that the inference that a defendant is indigent "does not necessarily follow" from his or her failure to post a bond. 212 Neb. at 431, 322 N.W.2d at 821. Although Vrtiska's affidavit listed funds of only $18.59, it also listed Social Security as a source of income. As a matter of law, we cannot say, based upon our review of the record, that there has been a sufficient showing of Vrtiska's indigency to make § 29-2412 applicable in the present case. Vrtiska's second assignment of error, therefore, has no merit.

Vrtiska's final assignment of error is directed at the district court's affirmance of the county court's sentence, which, according to Vrtiska, had not given him proper credit for jail time while Vrtiska was awaiting trial on the weapon charge alleged in the complaint of September 3, 1985.

The State does not dispute Vrtiska's assertion that he was incarcerated on September 1, 1985, and remained incarcerated until his sentencing on May 23, 1986. However, during that period Vrtiska stood charged with the first weapon charge, alleged in the August 29, 1985, complaint; was convicted on that charge; and, on April 17, 1986, was sentenced for that conviction. That period of incarceration is relevant to determine whether Vrtiska received the appropriate credit for jail time.

We have held that where the imposed sentence of imprisonment is the statutory maximum for the offense, the

sentencing court must give the defendant credit for jail time. See, *State v. Holloway*, 212 Neb. 426, 322 N.W.2d 818 (1982); *State v. Rathbun*, 205 Neb. 329, 287 N.W.2d 445 (1980); *State v. Blazek*, 199 Neb. 466, 259 N.W.2d 914 (1977). " 'Jail time' is commonly understood to be the time an accused spends in detention pending trial and sentencing." *State v. Fisher*, 218 Neb. 479, 481, 356 N.W.2d 880, 882 (1984). Therefore, Vrtiska was entitled to credit for the period of jail time from September 1, 1985, when he was taken into custody on the weapon charge in the present case, until April 17, 1986, when Vrtiska was sentenced as the result of his conviction on the first weapon charge contained in the complaint of August 29, 1985. The total of that period is 229 days.

Vrtiska does not maintain that he was entitled to credit for the entire time he was incarcerated before his sentence on the second conviction. His partial concession is correct, because part of the time that Vrtiska was in jail was attributable to his sentence of imprisonment as a result of his first conviction for carrying a concealed weapon, the charge in the complaint filed on August 29, 1985. The time during which Vrtiska was incarcerated due to his first conviction on the first weapon charge was not time spent awaiting disposition of the weapon charge in the present case on appeal, but, rather, was prison time imposed as a punishment for a conviction and was not jail time while awaiting trial and sentencing. See *State v. Fisher, supra*.

A sentencing court's duty to credit a defendant with jail time is not discretionary when a defendant is sentenced to the statutory maximum term of imprisonment as punishment for a particular crime. When a defendant is sentenced to the statutory maximum term of imprisonment, the sentencing court must ascertain the amount of jail time and give credit to the defendant for such jail time. When the court sentenced Vrtiska on April 17 for his conviction on the first weapon charge, Vrtiska had been in jail for 229 days, of which the trial court credited Vrtiska with 200 days jail time. Since the other 29 days were not credited against Vrtiska's sentence on his first conviction for the weapon charge, those 29 days retained their character as jail time, and, therefore, Vrtiska still had 29 days

of jail time to be credited toward the sentence imposed in the present case. Since the statutory maximum term of imprisonment, that is, 1 year, was imposed in this case, Vrtiska should have received credit for the 29 days of jail time in connection with the sentence imposed on May 23, 1986. Therefore, pursuant to Neb. Rev. Stat. § 29-2308 (Reissue 1985), we modify Vrtiska's sentence imposed in the present case under review, giving Vrtiska credit for 29 days jail time, which is credited or applied against the term of imprisonment (1 year) imposed in the present case.

AFFIRMED AS MODIFIED.