STATE OF NEBRASKA, APPELLEE, V.
RICKY L. COX, APPELLANT.

632 N.W. 2d 807

Filed August 28, 2001.   No. A-00-1047.

Arthur C. Toogood, Adams County Public Defender, for appellant.

Don Stenberg, Attorney General, and Scott G. Gunem for appellee.

HANNON, INBODY, and MOORE, Judges.

PER CURIAM.

## INTRODUCTION

Ricky L. Cox appeals the denial of his motion for discharge based upon the State's alleged failure to provide him with a speedy trial in violation of his statutory and constitutional rights. For the reasons set forth, we reverse, and remand with directions to dismiss.

## STATEMENT OF FACTS

On August 4, 1999, a complaint was filed in Adams County Court charging Cox with two counts of first degree sexual assault, in violation of Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1995). On September 9, a hearing was held in the county court, at which time Cox waived a preliminary hearing and was bound over to the district court. Cox was remanded to the custody of the Adams County sheriff until the bond, which had been previously ordered, was posted.

On November 4, 1999, the Adams County District Court filed an order to show cause why the case should not be dismissed since the information was not filed within 30 days of the bindover, see Rules of Dist. Ct. of 10th Jud. Dist. 10-17 (rev. 2000), and gave the State 7 days to show good cause by affidavit and motion why the case should not be dismissed without

prejudice. The State responded by filing a motion to extend the filing deadline and an affidavit in which the State set forth that the deadline for filing the instant case was on the same day as the county attorney's office would be moving to new offices, that the county attorney's office had been preparing to move for 7 days prior to the filing deadline, and that "the next arraignment date given by the court is for December 20, 1999 and by filing the cases the state [sic] would lose 5 weeks on the 6 months calculations prior to the arraignment." The State requested that the filing deadline be extended to December 1. Although there is nothing in our record establishing the disposition of this motion, the record does reflect that an information was filed in Adams County District Court on December 2 charging Cox with two counts of first degree sexual assault. Additionally, the record reflects that on or about November 11, Cox was released from jail upon posting bond.

On December 16, 1999, Cox filed a motion for discovery, which was granted by the district court on December 20. A jury trial was scheduled to begin on June 5, 2000; however, on May 31, Cox appeared before the district court and waived his right to a jury trial and requested a bench trial. When asked if the trial could be held on June 12, defense counsel agreed, and the bench trial was set for that date.

On June 9, 2000, Cox filed a motion for discharge based upon the alleged denial of his right to a speedy trial. On September 6, the district court denied the motion for discharge, finding:

> The jury trial was set within six (6) months as required by statute. The Court deems the defendant's counsel to have requested a continuance when he appeared in Court five (5) days prior to jury term and waived a jury. Counsel knew at that time that the case would have to be continued to accommodate a trial to the Court. The Court set this case on June 12, 2000, the first available date after the jury term for trial to the bench. The defendant's counsel by waiving jury five (5) days prior to the trial in effect was requesting a continuance of the trial to accommodate his strategical decision to try the case to a Judge. This amounted to a continuance caused by defense counsel.

Cox then timely appealed to this court.

## ASSIGNMENTS OF ERROR

On appeal, Cox contends that both his constitutional and statutory right to a speedy trial have been violated.

## STANDARD OF REVIEW

■ A ruling on a motion to discharge under the speedy trial statute is a final, appealable order. *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997); *State v. Rieger*, 8 Neb. App. 20, 588 N.W.2d 206 (1999).

■ Ordinarily, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Baird*, 259 Neb. 245, 609 N.W.2d 349 (2000).

## DISCUSSION

*Statutory Right to Speedy Trial.*

Cox's first assigned error is that the district court erred in denying his motion for discharge based upon the violation of his statutory right to a speedy trial.

Neb. Rev. Stat. § 29-1207 (Reissue 1995) requires that a defendant be tried within 6 months after the filing of the information, unless the 6 months are extended by any period to be excluded in computing the time for trial. See, also, *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997). Applying § 29-1207 and its 6-month statutory period to the instant case, Cox was entitled to be brought to trial by June 2, 2000, unless certain periods could be excluded under § 29-1207(4).

The first excludable period arose from Cox's motion for discovery. Section 29-1207(4)(a) provides, in part, that the 6 months allowed to try a defendant is extended by the period of time from filing until disposition of pretrial motions of the defendant. Cox's discovery motion was filed on December 16, 1999, and the district court granted the motion on December 20. Thus, under § 29-1207(4)(a), 4 days could be properly excluded under § 29-1207(4), and Cox was now entitled to be brought to trial by June 6, 2000.

A jury trial was scheduled to commence on June 5, 2000; however, on May 31, just 5 days before the jury trial was to commence, Cox appeared before the district court for the purpose of

waiving his right to a jury trial in favor of a bench trial. The district court accommodated Cox in setting the matter for a bench trial. This continuance falls within the time periods excluded for speedy trial computations under § 29-1207(4)(b), which provides for "[t]he period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel." Consequently, the district court's denial of Cox's motion for discharge based upon his statutory right to a speedy trial was not clearly erroneous.

*Constitutional Right to Speedy Trial.*

Cox also contends that the district court erred in denying his motion for discharge based upon the violation of his constitutional right to a speedy trial. Cox bases this argument on the following facts: On September 9, 1999, Cox waived a preliminary hearing and was bound over to the district court; however, an information was not filed until December 2. On November 4, the district court filed an order to show cause why the case should not be dismissed, since the information was not filed within 30 days of the bindover, and gave the State 7 days to show good cause. The State responded by filing an affidavit in which the State set forth that the deadline for filing the instant case was on the same day as the county attorney's office would be moving to new offices, that the county attorney's office had been preparing to move for 7 days prior to the filing deadline, and that "the next arraignment date given by the court is for December 20, 1999 and by filing the cases the state [sic] would lose 5 weeks on the 6 months calculations prior to the arraignment." Thus, the question presented is whether a defendant's constitutional right to a speedy trial may be violated by the State's deliberate postponement of the filing of an information for the admitted purpose of circumventing the right to a speedy trial.

Determining whether a defendant's constitutional right to a speedy trial has been violated requires a balancing test in which the courts must approach each case on an ad hoc basis. *State v. Tucker,* 259 Neb. 225, 609 N.W.2d 306 (2000). This balancing test involves four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) prejudice to the defendant. *Id.* None of these four

factors standing alone is a necessary or sufficient condition to a finding of a deprivation of the right to a speedy trial; rather, the factors are related and must be considered together with such other circumstances as may be relevant. *Id.*

Applying the balancing factors to the instant case, the State did not file an information against Cox for 12 weeks following the preliminary hearing. During approximately 9 weeks of this period, Cox was incarcerated and was not released on bond until on or about November 11, 1999, and Cox timely asserted his rights. The factor which we find most compelling is the reason for the delay which was the State's admission that the State delayed filing the information against Cox for 2 months in order to avoid losing 5 weeks on the 6-month statutory speedy trial calculation. Because of the State's own admission that it delayed filing the information against Cox in order to avoid starting the 6-month speedy trial clock which caused prejudice to Cox in that he remained incarcerated for more than a 2-month period during which time there was not an information filed against him, we find that Cox's constitutional right to a speedy trial was violated.

## CONCLUSION

Although we have found that the district court's denial of Cox's motion for discharge based upon his statutory right to a speedy trial was not clearly erroneous, the district court erred in failing to grant Cox's motion for discharge based upon the State's violation of Cox's constitutional right to a speedy trial. Consequently, the decision of the district court is reversed, and the cause is remanded to the district court with directions to dismiss the information against Cox.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.