STATE OF NEBRASKA, APPELLEE, V.
FRED W. SCHNEIDER, JR., APPELLANT.

638 N.W.2d 536

Filed January 15, 2002.    No. A-01-546.

David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

IRWIN, Chief Judge, and INBODY and CARLSON, Judges.

INBODY, Judge.

## INTRODUCTION

Fred W. Schneider, Jr., appeals the Douglas County District Court's order affirming the Douglas County Court's denial of his motion for absolute discharge on speedy trial grounds. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

On May 4, 2000, a complaint was filed in Douglas County Court charging Schneider with second-offense driving under the influence in violation of Omaha city ordinance § 36-115. On May 10, Schneider filed a demurrer which he amended on May 30. That same date, he also filed a motion to quash which was also amended on May 30. On May 12, Schneider filed a motion for production of documents. On June 8, the county court granted the motion for production of documents and denied the motion to quash. The amended demurrer was sustained by the county court on July 27.

On September 7, 2000, a complaint was filed in Douglas County Court based on the same set of facts as the earlier complaint except charging Schneider with second-offense driving under the influence in violation of Neb. Rev. Stat. § 60-6,196(2)(b) (Supp. 1999).

On November 6, 2000, Schneider filed a motion for absolute discharge based upon the alleged violation of his right to a speedy trial. A hearing on this motion was held, and the motion was denied by the county court. Schneider appealed to the Douglas County District Court which affirmed the decision of the county court. Schneider has timely appealed to this court.

## ASSIGNMENT OF ERROR

On appeal, Schneider contends that the district court erred in affirming the county court's denial of his motion for absolute discharge on speedy trial grounds.

## STANDARD OF REVIEW

■ A ruling on a motion to discharge under the speedy trial statute is a final, appealable order. *State v. Jacques,* 253 Neb. 247, 570 N.W.2d 331 (1997); *State v. Cox,* 10 Neb. App. 501, 632 N.W.2d 807 (2001).

■ Ordinarily, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Baird,* 259 Neb. 245, 609 N.W.2d 349 (2000); *State v. Cox, supra.*

## ANALYSIS

Schneider's sole assigned error is that the district court erred in affirming the county court's denial of his motion for absolute discharge on speedy trial grounds. Schneider argues that the complaints filed pursuant to the driving under the influence ordinance and the state statute are, in essence, one and the same offense and that thus, the time from the filing of the complaint filed pursuant to the ordinance should be counted for speedy trial purposes. We need not make this determination, because assuming without deciding that Schneider is correct in that the time from the filing of the complaint filed pursuant to the ordinance should be counted for speedy trial purposes, the 6-month speedy trial time still had not elapsed.

■ "Every person indicted or informed against for any offense shall be brought to trial within six months, and such time shall be computed as provided in this section." Neb. Rev. Stat. § 29-1207(1) (Reissue 1995). Although the speedy trial act

expressly refers to indictments and informations, the act also applies to prosecutions on complaint. *State v. Vrtiska*, 227 Neb. 600, 418 N.W.2d 758 (1988). In cases commenced and tried in county court, the 6-month period within which an accused must be brought to trial begins to run on the date the complaint is filed. See *State v. Johnson*, 201 Neb. 322, 268 N.W.2d 85 (1978).

Applying § 29-1207 and its 6-month statutory period to the instant case, Schneider was entitled to be brought to trial by November 4, 2000, unless certain periods could be excluded under § 29-1207(4). Section 29-1207(4) provides that the following periods shall be excluded in computing the time for trial:

(a) The period of delay resulting from other proceedings concerning the defendant, including . . . the time from filing until final disposition of pretrial motions of the defendant, including motions to suppress evidence, motions to quash the indictment or information, demurrers and pleas in abatement and motions for a change of venue. . . .

(b) The period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel.

In the instant case, the complaint was filed against Schneider on May 4, 2000, and a demurrer and motion to quash were filed on May 10, 2000, and the demurrer and motion to quash were not ruled on until June 8, 2000. Since the 29 days between the filing on Schneider's motions and the court's rulings thereon are excluded by § 29-1207(4)(a) in calculating the time for speedy trial, Schneider was not entitled to be brought to trial until December 3, 2000. Schneider's motion for absolute discharge was filed on November 6, 2000, at which point, Schneider's right to a speedy trial had not yet run. Consequently, the district court correctly affirmed the county court's denial of Schneider's motion for absolute discharge based upon the alleged violation of his right to a speedy trial.

AFFIRMED.