file an amended complaint; such a conditional order is not a judgment.

## CONCLUSION

Because Bonnie appealed from a conditional order and not a final judgment, we lack jurisdiction over the appeal. Therefore, we must dismiss the appeal.

Appeal dismissed.

Wright, J., not participating.

————————————

State of Nebraska, appellee, v.
Wellington J. Carngbe, appellant.
___ N.W.2d ___

Filed June 13, 2014.    No. S-13-1077.

1. **Sentences: Appeal and Error.** Whether a defendant is entitled to credit for time served and in what amount are questions of law. An appellate court reviews questions of law independently of the lower court.

2. **Statutes: Appeal and Error.** Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.

3. **Sentences.** Imposing a sentence within statutory limits is a matter entrusted to the discretion of the trial court.

4. **Statutes: Appeal and Error.** An appellate court gives statutory language its plain and ordinary meaning.

5. **Statutes: Legislature: Intent.** In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.

6. **Statutes.** A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless.

7. **Sentences: Appeal and Error.** Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.

8. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

9. **Sentences.** When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct,

and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime.

Appeal from the District Court for Lancaster County: Jodi Nelson, Judge. Affirmed as modified.

Dennis R. Keefe, Lancaster County Public Defender, and Timothy M. Eppler for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Heavican, C.J.

## INTRODUCTION

Wellington J. Carngbe pled no contest to one count of burglary. He was sentenced to 6 to 8 years' imprisonment and given credit for time served of 4 days. Carngbe appeals. We affirm as modified.

## FACTUAL BACKGROUND

According to the factual basis provided by the State, on August 21, 2012, a break-in was reported at a residence located in rural Lancaster County. Several items were stolen, including $400, a bowie knife, a PlayStation 3 video game system, several PlayStation games, and a laptop computer. An older model white Cadillac had been seen in the area around the time of the incident.

Several days later, on August 24, 2012, a home invasion robbery occurred at a location near the site of the first break-in, again in Lancaster County. A Dodge Neon was seen in the area.

The next day, August 25, 2012, law enforcement located and stopped the Neon. Carngbe and another individual were in the vehicle. Consent was given for a search of the vehicle, and the bowie knife and the PlayStation were found inside the vehicle. The laptop was found in a later search of Carngbe's home. The plates on the Neon were later found to belong to a white Cadillac registered in Carngbe's name.

Carngbe was arrested after the traffic stop on August 25, 2012. Two citations were issued: one for possession of stolen property; the other for possession of a concealed weapon, robbery, and possession of a deadly weapon by a prohibited person. Carngbe was charged by information on September 21 for burglary and attempted robbery for the August 24 incident. This case was docketed as No. CR 12-1012 in the district court.

Carngbe was held at Lancaster County corrections pending trial in case No. CR 12-1012 from August 26 to October 16, 2012, and again from October 21, 2012, to March 10, 2013, for a total of 193 days. A jury trial began March 6. Following trial, Carngbe was acquitted.

Carngbe was then charged by information on May 10, 2013, for burglary and possession of a deadly weapon by a prohibited person for the August 21, 2012, incident. This case was docketed as No. CR 13-508 in the district court and is the case currently on appeal. Carngbe was arrested on that information on May 15, 2013, and arraigned that same day. He pled no contest to burglary on September 19, and the possession of a deadly weapon charge was dismissed.

Carngbe was sentenced on November 26, 2013, to 6 to 8 years' imprisonment. Citing Neb. Rev. Stat. § 83-1,106(4) (Reissue 2008), Carngbe argued that he was entitled to credit for time served of 197 days—4 for the current charge and 193 for the time he was incarcerated pending his trial in case No. CR 12-1012. The district court rejected Carngbe's claim as to the 193 days, but gave him credit for time served of 4 days.

## ASSIGNMENTS OF ERROR

Carngbe assigns that the district court erred in (1) not giving him credit for time served of 193 days from case No. CR 12-1012 and (2) imposing an excessive sentence.

## STANDARD OF REVIEW

[1] Whether a defendant is entitled to credit for time served and in what amount are questions of law. An appellate court reviews questions of law independently of the lower court.[1]

---

[1] *State v. Wills*, 285 Neb. 260, 826 N.W.2d 581 (2013).

[2] Statutory interpretation is a question of law that an appellate court resolves independently of the trial court.[2]

[3] Imposing a sentence within statutory limits is a matter entrusted to the discretion of the trial court.[3]

## ANALYSIS

### Interpretation of § 83-1,106

In his first assignment of error, Carngbe assigns that the district court erred in not crediting his sentence for time served of 193 days. Carngbe contends that he is entitled to this credit under § 83-1,106(4).

[4,5] This case presents an issue of statutory interpretation. We give statutory language its plain and ordinary meaning.[4] And in construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.[5]

Section 83-1,106 provides in relevant part:

> (1) Credit against the maximum term and any minimum term shall be given to an offender for time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. This shall specifically include, but shall not be limited to, time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to delivery of the offender to the custody of the Department of Correctional Services, the county board of corrections, or, in counties which do not have a county board of corrections, the county sheriff.
>
> . . . .
>
> (4) If the offender is arrested on one charge and prosecuted on another charge growing out of conduct which

---

[2] *State v. Ramirez*, 285 Neb. 203, 825 N.W.2d 801 (2013).

[3] *State v. Burton*, 282 Neb. 135, 802 N.W.2d 127 (2011).

[4] *State v. Schanaman*, 286 Neb. 125, 835 N.W.2d 66 (2013).

[5] *State v. Smith*, 282 Neb. 720, 806 N.W.2d 383 (2011).

occurred prior to his or her arrest, credit against the
maximum term and any minimum term of any sentence
resulting from such prosecution shall be given for all time
spent in custody under the former charge which has not
been credited against another sentence.

Relying on the plain language of § 83-1,106, we conclude
Carngbe is entitled to credit for time served under subsection
(4). Here, Carngbe was arrested for the August 24, 2012, inci-
dent and acquitted. But Carngbe was later prosecuted for the
August 21 break-in, which occurred prior to Carngbe's August
25 arrest.

We are not persuaded by the State's contention that for
§ 83-1,106(4) to apply, the conduct in question must be the
same or related to the conduct for which time was originally
served. There is nothing in the plain language of § 83-1,106(4)
that requires such a relationship.

[6] Moreover, there is such a relationship required under
§ 83-1,106(1). That subsection provides that credit shall be
given for time served "as a result of the criminal charge for
which a prison sentence is imposed or as a result of the con-
duct on which such a charge is based." If this court were to
read the requirement of such a relationship into § 83-1,106(4),
it would render that subsection superfluous to § 83-1,106(1).
But a court must attempt to give effect to all parts of a statute,
and if it can be avoided, no word, clause, or sentence will be
rejected as superfluous or meaningless.[6]

We conclude that Carngbe is correct that he was entitled to
credit for time served for the time that he spent in custody prior
to his acquittal for the August 24, 2012, incident. We modify
Carngbe's sentence accordingly.

## Excessive Sentence

[7,8] Carngbe also assigns that the district court erred in
imposing upon him an excessive sentence. The relevant princi-
ples of law are well known. Where a sentence imposed within
the statutory limits is alleged on appeal to be excessive, the
appellate court must determine whether the sentencing court

---

[6] *State v. Parks*, 282 Neb. 454, 803 N.W.2d 761 (2011).

abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.[7] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.[8]

[9] When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime.[9]

Carngbe pled no contest to burglary, which is a Class III felony. Class III felonies are punishable by 1 to 20 years' imprisonment, a $25,000 fine, or both.[10] Thus, Carngbe's sentence of 6 to 8 years' imprisonment did not exceed the statutory limits.

Nor was Carngbe's sentence otherwise excessive. Carngbe has a criminal record that includes minor traffic violations, but also charges for marijuana possession, possession of a controlled substance with intent to deliver, unauthorized use of a financial transaction document, disturbing the peace, obstructing a peace officer, and third degree domestic assault.

The district court noted during sentencing that Carngbe indicated he wanted to take responsibility for his actions, yet he had failed to appear in court on a few occasions, and also did not show up for his appointment with a probation officer in connection with his presentence investigation. The district court noted, and we agree, that such actions were "not signs of responsibility."

The district court did not abuse its discretion in sentencing Carngbe to 6 to 8 years' imprisonment. Carngbe's second assignment of error is without merit.

---

[7] *State v. Dixon*, 286 Neb. 334, 837 N.W.2d 496 (2013).

[8] *State v. Dixon*, 282 Neb. 274, 802 N.W.2d 866 (2011).

[9] *Id.*

[10] Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2012).

## CONCLUSION

Carngbe is entitled to credit for 197 days for time served, or 193 days for his prior criminal case wherein he was acquitted and another 4 days for time served on this charge. We therefore modify Carngbe's sentence to provide for a credit for time served of 197 days. As modified, the judgment of the district court is affirmed.

Affirmed as modified.